**COLEMAN v. MARYLAND CASUALTY CO.
et al.**

**No. 1724.**

Court of Appeal of Louisiana. First
Circuit.

Oct. 5, 1937.

Reed, Martin & Pattison, of Lake Charles, for appellant.

McCoy, King & Jones, of Lake Charles, for appellees.

DORE, Judge.

Plaintiff sues for compensation for total permanent disability for 400 weeks at $13.65 per week, a total of $5,460, plus medical and incidental expenses in the sum of $250. The disability for which plaintiff seeks compensation resulted, as he alleges, from a gunshot wound received by him on January 29, 1937, while he was acting in the capacity of night watchman or deputy for the Town of De Quincy. The Maryland Casualty Company carried the compensation insurance for the town.

Plaintiff alleges that, at the time of receiving said injury, he was employed by and working for said town in the capacity of deputy with full power to act in that capacity; that he was employed and subject to removal by the action of the Mayor and Board of Aldermen of the Town of De Quincy, and he was not elected by a vote of the people and was not an official of the town. He alleges that his duties consisted in act-

ing as night watchman in and for said town, to keep the peace and to arrest and incarcerate and file charges against offenders who violated the ordinances of said town, all subject to the direction and instructions of the mayor and marshal of the said town.

An exception of no cause and no right of action was filed by the defendants based on the ground that, according to the allegations of the petition, plaintiff was an official of the town when injured, and, under the provisions of paragraph 1, section 1, of Act 20 of 1914, was not covered by the compensation law. This exception was sustained, and plaintiff has appealed.

Section 1 of Act No. 20 of 1914 begins by stating that it shall apply only to the following: "Every person in the service of the State, or of any parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in this State authorized by law to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the State, or of any parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in this State authorized by law to hold property and to sue and be sued; and for such employee and employer the payment of compensation, according to and under the terms, conditions and provisions hereinafter set out in this act, shall be exclusive, compulsory and obligatory; provided that one employed by a contractor who has contracted with the State, parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in the State, through its proper representative, shall not be considered an employee of the State, parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission."

It is obvious under the above provision that, if plaintiff was an official of said town when injured, he would not come under the compensation law, and his petition would fail to show a cause or right of action. It is alleged that the Town of De Quincy is a political subdivision of the state, incorporated and operating under the general municipal law of the state, Act No. 136 of 1898, as amended. Section 15, paragraph 15, of this act, as amended by Act No. 231 of 1924, gives the mayor and board of aldermen of a town the right to elect such municipal officers other than those required by the act as may be found necessary, and to prescribe the duties and fix the compensation of all officers and employees. Section 19, as amended by Act No. 306 of 1908, § 1, provides for the officers of the municipality and prescribes the method of their election. Section 23, as amended by Act No. 306 of 1908, § 2, empowers the mayor and board of aldermen at their first meeting after their election to elect a clerk, tax collector, and all other officers whose election is not provided for in section 19.

But the character of plaintiff's position is to be determined more from the nature of his duties than from the manner of his selection. According to his petition his duties were those of a peace officer, involving the discharge of functions pertaining to the sovereign power of the state and the municipality in preserving the peace and order of the town and in protecting the lives and property of the public. As was stated by the trial judge in his well-considered reasons for judgment, it can hardly be contended that the duties of plaintiff as night watchman were not the same as those of a policeman.

The position and duties of plaintiff being similar to those of a policeman, the case of Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680, is directly applicable to and decisive of this case. In the cited case the Supreme Court held that a policeman of the City of Shreveport is a public officer and as such is excluded from the provisions of the compensation law by the exception contained in paragraph 1 of section 1 hereinabove quoted.

Able counsel for plaintiff endeavor to distinguish this case from that of the cited case in that the policeman of Shreveport appeared to be a regularly commissioned and sworn officer under the charter of the city; that in this case the position held by plaintiff is nowhere designated in the law under which the town operated as an officer of the town. But, after all, his duties are the same and he received his appointment from the town authorities for the same purpose as did the policeman of Shreveport receive his appointment from the city authorities. The authority and duties given plaintiff by the town were the same and came from the same source as did the authority and duties invested in the policeman by the City of Shreveport. Both plaintiff and the policeman discharged duties pertaining to a trust reposed in them by the

state and its political subdivisions in protecting the public and in keeping peace and order, all peculiarly governmental function. We are unable to distinguish this case from the cited case which we think is controlling. This being true, it is unnecessary to cite other authorites or further comment on the reasons given by the Supreme Court in the cited case.

For these reasons, the judgment is affirmed.