In this suit plaintiff, individually and on behalf of her two minor children, seeks to recover of the defendant compensation in the sum of $9.75 per week for a period beginning February 23, 1944, not exceeding 300 weeks, as a result of the death of her husband, Archange Lafleur, while in the course and scope of his employment.
Plaintiff alleges that her said husband, on February 23, 1947, employed the defendant as a special policeman to keep the peace in and about defendant's place of business, a saloon and night club for Negroes; that his duties required him to carry firearms and that such occupation was a hazardous occupation within the scope of Act No. 20 of 1914, as amended, the Louisiana Workmen's Compensation Act; that her husband's weekly salary was fixed at 10% of the profits of the said night club while he was on duty and that such amount averaged $15.00 weekly; that on February 23, 1947, her husband was shot and killed when he attempted to apprehend one of the patrons of defendant's night club who had been fighting and disturbing the peace and that his death arose out and in the course of his employment.
For answer, defendant admits that plaintiff's husband was discharging the duties of a police officer, or special policeman and that he was killed on the day and date aforesaid. He denies that his occupation as owner and operator of a saloon and night club is hazardous and avers that the occupation of decedent is not within the scope of the compensation act. He denies that the decedent was an employee, contending that decedent was a partner of his. He denies that decedent was killed while in the course and scope of his employment.
After trial on the merits, in his written reasons for judgment, the trial judge found that decedent was killed while he was acting as a police officer and held that the deceased was not covered by the statute and that his widow was not entitled to compensation. As authority for so holding, the cases of Hall v. City of Shreveport, 157 La. 589, 102 So. 680, and Coleman v. Maryland Casualty Co., La. App., 176 So. 143, were cited. He dismissed plaintiff's suit. Plaintiff has appealed.
The facts in this case are not seriously disputed. The defendant, in September, 1945, operated a Negro saloon situated within the town of Ville Platte and was furnished by the town authorities a special town policeman in the person of decedent to keep the peace and order in his establishment. Decedent's duties were the same as an assistant to the town marshal, and he was directly responsible to the town marshal. Decedent's wages were paid by the town. Thereafter defendant closed this saloon. In the early part of 1946, defendant and Emile Anderson then opened a Negro saloon and night club near the corporate limits of the town of Ville Platte. Decedent applied to the owners and operators of this saloon and night club as special police officer to keep the peace at this establishment. It became necessary that he be commissioned as a deputy sheriff for the Parish of Evangeline. The sheriff of the *Page 871 
parish so appointed and commissioned him as a special deputy with all the powers and authority of a regular deputy sheriff, except that his authority was limited to the place of business of defendant and without pay from the sheriff's office or from the parish. The decedent then assumed his duties as police officer at this saloon and night club. For his services, he received a commission of 10% of the net profits on such occasions as he acted as special police officer, which said occasions generally were on Saturday nights. It is shown that he was selected by the defendant and his partner in business, who had the power to terminate his employment, and served at their discretion.
Under Paragraph 1 of Section 1 of Act No. 20 of 1914, the Workmen's Compensation Act is made to apply to the following persons, to-wit: "Every person in the service of the State, or of any parish, township, incorporated village or city, or other political subdivision, or incorporated public board or commission in this State authorized by law to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of theState, or of any parish, township, incorporated village or city, or other political subdivision, * * *." (Italics ours.)
In interpreting the above quoted provision, the Supreme Court, in Hall v. City of Shreveport, 157 La. 589, 102 So. 680, a case involving the death of a police officer of that municipality who was killed while in the performance of his duties, held that a police officer was not covered by that Act.
In the case of Coleman v. Maryland Casualty Company, La. App., 176 So. 143, a case wherein the injured plaintiff was employed by the town of DeQuincy as a night watchman or deputy to keep the peace, we held that the injured plaintiff was not covered by the Act, basing our decision on the case of Hall v. City of Shreveport, supra.
The quoted provision of the compensation act and the cases supra are inapplicable to the instant case. In the case of Moore v. Blanchard, La. App., 35 So.2d 667, 669, we had under consideration the status of "bouncer" or special deputy sheriff assigned to a night club and saloon. In that case, we stated: "The term 'bouncer' is a familiar one used to designate persons employed * * * to preserve the peace in establishments such as night clubs and other places of amusement where people indulge in dancing, drinking and in gambling. It seems to be conceded that generally men so employed are deputized by the sheriff of the parish in order that they may exercise some sort of official authority. They are really deputy sheriffs, with commissions issued by the sheriff, and they are authorized thereunder to arrest those who commit infractions of the law at the places where they are employed. * * * The appointment by the sheriff as his deputy is however, purely a matter of convenience and service to the people who operate establishments of this kind and their entire salary or wages are paid by the proprietor of the establishment", and we held that such persons were employees of owners of the night club. The facts in that case are the same as in our case. We therefore hold that the decedent was an employee of the defendant and only technically an employee of the Parish of Evangeline.
Having come to the conclusion that the relationship of master and servant, or employer and employee, existed between the defendant and decedent, the question presented is whether the business of defendant was hazardous or nonhazardous or both.
The general nature of the employer's business, rather than duties of a particular employee as hazardous or nonhazardous, must determine liability for compensation. Kern v. Southport Mill, 174 La. 432, 141 So. 19; McAllister v. Peoples Homestead Savings Association, La. App., 171 So. 130.
As previously stated the general nature of defendants' business was operation of a combination saloon and dance hall. The place in which this business was conducted consisted of a one room frame building. On one side of the room was the bar, wherefrom intoxicating liquors and beer were dispensed and the remainder was used *Page 872 
as a dance floor. Behind and underneath the bar was a refrigerator or a self-cooling unit wherein the beer was stored prior to being sold. On the dance floor portion of the room was an electric music or juke box to provide the music for the dancers or the customers of the place. The bar, the ice or refrigerator box and the servicing of the juke box were attended by Emile Anderson, a joint owner and operator of the business. The duties of the decedent were to keep the peace and in no way connected with the operation of the ice box and juke box.
Since the operation of a joint saloon and night club is not named in the act as one of the hazardous trades, businesses, or occupations covered by the act, nor is any form of mercantile business, wholesale or retail, so designated therein, plaintiff would only be entitled to compensation if the facts showed that in the performance of his duties decedent necessarily came into direct contact with electric motors. This, she has failed to do. We do not want it understood, however, that these small, enclosed, electric motors in any particular case would be sufficient to classify an employer defendant as engaged in a hazardous and non-hazardous occupation. Under the facts of the case, the compensation act is inapplicable.
As a last resort the able counsel for plaintiff contends that the work of the deceased was hazardous, in that it involved the carrying of firearms regularly, and his duty was to quell any violence, if necessary. In addition, it was hazardous because it involved proximity of the employee to explosives, including gunpowder. In answer to this contention, the able counsel loses sight of the fact that it is the occupation of the employer and not the duties of the employee which controls. As stated by the Supreme Court in the case of Hall v. City of Shreveport, supra [157 La. 589, 102 So. 683]; "While a policeman in the performance of his duties is, undoubtedly, at times placed in a dangerous and hazardous situation, and there may be many good reasons why he should be put under the protection of the Compensation Law, this presents a question for the legislative, and not for the judicial, department of the government." It is to be noted that this case was decided on January 5, 1925, and many sessions of the Legislature have been held since then, yet the Legislature has not seen fit to amend the law in regard thereto.
For these reasons, the judgment appealed from is affirmed.