81 So.2d 580 (1955)
Clarence WAGNER
v.
HARTFORD ACCIDENT & INDEMNITY CO.
No. 4069.
Court of Appeal of Louisiana, First Circuit.
June 30, 1955.
Benj. W. Miller, Bogalusa, for appellant.
A. J. Jones, Hy. N. Richardson, Bogalusa, for appellee.
LOTTINGER, Judge.
The trial judge in this matter rendered very complete and exhaustive reasons for judgment herein which we herewith set out in full:
"The plaintiff brings this suit against the Hartford Accident and Indemnity Company, a foreign insurance company, seeking the recovery of $2,000.00, together with attorneys' fees, of $1,000.00, for necessary medical, surgical, hospital and professional nursing services that were brought about as the result of an accident which the plaintiff suffered on September 1, 1953, while driving an automobile owned by the Sheriff of Washington Parish and insured by the present defendant.
"The allegations of the petition show that on the above mentioned date the *581 plaintiff was operating a 1952 Ford automobile on Louisiana Highway #35, commonly known as the Bogalusa-Franklinton highway, and when he came to a point on said highway about eight miles from the City of Bogalusa, traveling toward the town of Franklinton, he came over the rise of a hill and was confronted with a barricade stretched across his lane of travel, about 20 feet from the crest of the hill, which barricade had been placed there by the Department of Highways of the State of Louisiana; that he was traveling at a rate of about 50 miles per hour, and since it was not possible to see said barricade until petitioner was within twenty feet of same he was unable to stop, but did reduce his speed and apply his brakes, and pulled to the left to avoid said barricade, and that as he did so, the rear wheel of his automobile struck an unlighted smudge pot which had been placed by the barricade, causing the automobile to turn over and wreck, resulting in serious personal injuries to the plaintiff.
"The allegations show that the plaintiff was hospitalized in Desporte's Clinic at Bogalusa, Louisiana, for a period of some 23 days, undergoing surgery, nursing care and other medical expenses in a total sum of $2,600.00; that the car which the petitioner was operating was owned by Sheriff Dorman A. Crowe, and at the time was being used by the petitioner with the knowledge, approval and permission of the owner; that the owner of said automobile carried a policy of insurance with the defendant herein, which policy was in full force and effect on September 1, 1953, and in which policy the defendant obligated itself to pay all reasonable expenses incurred within one year from the date of the accident for necessary medical, surgical, hospital or nursing services to, or for each person who sustained bodily injury, sickness or disease caused by the accident while in or upon, entering or alighting from the automobile, if the automobile was being used by the named insured or with his permission; that the limit of liability under said policy is the sum of $1,000.00, but that since the defendant failed to pay the claim without just and reasonable cause within thirty days of when written proof of said claim was submitted to it, that it is liable for double the amount of the amount of the policy, together with reasonable attorneys' fees, as provided by LSA-R.S. 22:657.
"The defendant in answer admitted that the plaintiff was driving the automobile as alleged which belonged to the Sheriff of Washington Parish, and further admitted that it carried the policy of insurance on said vehicle; it was further set forth in the answer, however, that the plaintiff while operating the vehicle was doing so in an official capacity as a Deputy Sheriff of the Parish of Washington, Louisiana, and since an employee is excluded from the provisions of the policy, that defendant is not liable herein. Contributory negligence is pleaded on behalf of the plaintiff, and it is further alleged that the car was not being driven by the plaintiff with the permission of the Sheriff, but was being driven by the direction and express orders of the said Sheriff. The defendant specifically pleads the exclusions under the terms of the policy on page 3 thereof, to the effect that an employee is not covered by the terms of the policy, and the further exclusion since the plaintiff was paid workmen's compensation by the insurance carrier of the City of Bogalusa, that he is not entitled to recover herein under a further exclusion of the policy.
"The only evidence in the record is the testimony taken under the Discovery Act, of Clarence Wagner, the plaintiff, and Dorman A. Crowe, the Sheriff of Washington Parish. In addition *582 to this testimony a stipulation of facts was entered into between Counsel for the plaintiff and counsel for the defendant, wherein it is admitted that the plaintiff, Clarence Wagner, was employed by the City of Bogalusa as Juvenile Officer for the Fourth Ward of Washington Parish, Louisiana, under and by appointment of the City Judge of Bogalusa, Louisiana, and that he received a salary from the City of Bogalusa for his services as Juvenile Officer; and further that he was likewise employed as Juvenile Officer of Washington Parish, under an appointment to that position by the District Judge of the 22nd Judicial District Court in and for the Parish of Washington, and that he received a salary for his services as Juvenile Officer of Washington Parish from the Police Jury of Washington Parish, Louisiana; that on September 1, 1953, the plaintiff was operating at the time of the accident on that date, as alleged in the plaintiff's petition, a 1952 Ford Automobile being the property of Dorman A. Crowe, Sheriff of Washington Parish, Louisiana, with the full knowledge, consent and permission of the said Sheriff of Washington Parish, Louisiana; that on said date the said plaintiff Wagner held a commission as Deputy Sheriff of Washington Parish, Louisiana, but was not employed as a Deputy Sheriff by the said Sheriff of Washington Parish, nor was he receiving a salary or compensation as Deputy Sheriff of Washington Parish on said date, and was, therefore, not subject to any authority or orders of the Sheriff of Washington Parish on September 1, 1953, but he received all his orders and directions from the City Judge of Bogalusa, Louisiana, pertaining to all juvenile cases in the Fourth Ward of Washington Parish, and from the District Judge of the Twenty-second Judicial District Court of the Parish of Washington in all cases within Washington Parish outside the Fourth Ward thereof. It is further stipulated that on September 1, 1953, the General Accident, Fire & Life Assurance Corporation, Ltd. was the workmen's compensation insurance carrier of the City of Bogalusa covering certain named employees, and a copy of said policy is annexed to and made a part of the stipulation of facts, and it is further admitted that the defendant Hartford Accident & Indemnity Company was public liability and damage insurance carrier of Dorman A. Crowe under a standard policy of public liability and property damage insurance covering the 1952 Ford automobile on September 1, 1953. This policy of insurance was filed in the record in connection with the stipulation of facts. The stipulation of facts sets forth that the accident and resulting injury are the same as alleged in the petition. It is further stipulated that the General Accident, Fire and Life Assurance Corporation, Ltd., the workmen's compensation insurance carrier of the City of Bogalusa paid the sum of $1,000.19 on the medical bill of the plaintiff, and further paid the sum of $393.75 as compensation payments.
"The stipulation of facts, as well as the testimony of the plaintiff and the Sheriff, further shows that on September 1, 1953, the Sheriff of Washington Parish called the plaintiff by telephone relative to the plaintiff investigating a criminal matter involving a minor child. Of course, this type work was the very nature of work that was performed by the plaintiff in his duties as Juvenile Officer of Washington Parish. It is further shown that the plaintiff at the time was in Bogalusa, Louisiana, and it was necessary for him to go to Franklinton to make the investigation, and that he had the Sheriff's car at the time he was called and he was using this car with the Sheriff's permission in order to make said investigation.

*583 "It is important to point out at the very beginning that the policy of insurance, on the car which was being driven by the plaintiff, provided in coverage `C' that the defendant will pay all reasonable expenses incurred within one year from the date of the accident for necessary medical services for each person who sustained Bodily injury caused by accident while in or upon entering or alighting from the automobile, if the automobile is being used by the named insured or with his permission. The stipulation of facts, as well as the testimony of both the plaintiff Wagner and Sheriff Crowe, shows that the automobile was being used by the plaintiff Wagner at the time of the accident with the permission of the Sheriff. The policy further shows that the extent of liability for medical service is $1,000.00 for each person suffering personal injury.
"It is contended by Counsel for defendant that the plaintiff was guilty of negligence that was the proximate cause of this accident, or to say the least, he was guilty of contributory negligence which constitutes a bar to his recovery. He further argues that under a policy of this character it is necessary to establish liability on the part of the insured before any recovery can be had against the insurer. In support of this proposition defendant cites the case of Burke v. Massachusetts Bonding & Ins. Co., 209 La. 495, 24 So.2d 875. While it is ordinarily true under a public liability insurance policy that liability for bodily injury or property damage must be established against the insured before the insurer can be held liable, yet this condition does not exist under coverage `C' of the policy herein, for the reason that the insurer here obligates itself to pay for medical expenses resulting from an accident in the insured automobile, if said automobile was being used by the assured or with his permission. In other words, the defendant insurer has entered into an agreement to pay medical expenses of a person hurt in the insured automobile while it is being driven with the permission of the insured. This is a direct contractual obligation entered into by the insurer with the insured for the benefit of a third person, and the question of the liability of the insurer, as well as the question of negligence upon the part of the person using the automobile has nothing whatsoever to do with the situation. Thus, these defenses urged by the defendant are without avail.
"The next defense is that the plaintiff was an employee of Sheriff Dorman A. Crowe at the time of the accident and was thereby precluded from recovery of medical expenses incurred under one of the exclusions of the policy. The policy does exclude employees from its benefits and if the plaintiff was an employee of the Sheriff at the time of the accident he cannot recover. It is true that the plaintiff was a holder of an honorary Deputy Sheriff's commission, but it is common knowledge that hundreds of persons are recipients of this token of distinction from the various Sheriffs' offices throughout the State of Louisiana. The plaintiff received no salary from the Sheriff's office, nor was he under the direction or control of said Sheriff. It is true that in the performance of certain crimes, but he was in truth and in fact, the employee of the City Judge of Bogalusa, Louisiana, as well as the District Judge of the Parish of Washington. He received his appointment under the law of this State from these two officials and he was under the direct supervision and control of said officials in the performance of his duties in connection with the investigation of Juvenile delinquency throughout the Parish of Washington, and the City Judge supervised and directed the acts of plaintiff in the discharge of his duties in the Fourth Ward of Washington Parish, and the District Judge *584 supervised and directed the duties of the plaintiff in the discharge of his duties in all parts of Washington Parish exclusive of the Fourth Ward. Thus, under the circumstances, it is impossible for me to ascertain how this Court could hold that this plaintiff was an employee of the Sheriff of Washington Parish. While it is true he was operating the car owned by the Sheriff's office with the Sheriff's permission, yet at the very time he was operating it, he was investigating a case which involved the delinquency of a minor in the Parish of Washington outside the Fourth Ward of said parish, and at such time he was most assuredly acting as the employee of the District Judge, or at most, the employee of the Police Jury of Washington Parish which paid the salary for carrying out said duties. I am, accordingly, of the opinion that the exclusion of the policy relative to an employee is not applicable to the present plaintiff.
"The third defense to the suit is that the plaintiff is precluded from recovery as a result of having been paid compensation benefits by the workmen's compensation insurance carrier of the City of Bogalusa under the existing Workmen's Compensation law of this State. The stipulation of facts shows that the General Accident, Fire and Life Assurance Corporation, Ltd., which was the workmen's compensation insurance carrier of the City of Bogalusa, paid toward the medical expenses of this plaintiff $1,000.19 and made payments of $393.75 as compensation benefits. I note from the policy herein sued on the exclusions contained in the policy are set forth on page two thereof, and under paragraph `g' of said exclusions it is provided that under coverage `c' which has to do with medical payments that are involved in this suit, that the policy does not apply to bodily injury, sickness, disease or death of any person if benefits therefor are payable under the workmen's compensation law. (Italics mine). Thus, from the plain wording of this exclusion in paragraph `g' as above italicized, the defendant is not necesarily relieved from liability simply because payments were made by a compensation insurer, but is relieved from liability if benefits are payable under any workmen's compensation law, and of course, this means if they are legally payable under any workmen's compensation.
"While it is true that benefits were received as a result of a compromise payment from the workmen's compensation insurance carrier of the City of Bogalusa, yet I am of the opinion that the workmen's compensation insurance carrier of the City of Bogalusa was not legally liable for the payment of workmen's compensation benefits to this plaintiff. The copy of the policy which was introduced into evidence shows that a Juvenile officer was not covered under the terms of the policy, and further than this, the policy only covered employees of the City of Bogalusa. Even if it could be said this plaintiff was an employee of the City of Bogalusa, he most assuredly was not acting within the course and scope of his employment at the time of this accident for the very obvious reason that he was performing his duties as Juvenile officer in Washington Parish outside the Fourth Ward and the City of Bogalusa at the time of the injury. He was at that time acting under the supervision and control of the District Judge and being paid for said services by the Washington Parish Police Jury. Since he was not acting in his official capacity within the Fourth Ward of Bogalusa, for which he was paid by the City of Bogalusa, then he clearly was not acting within the course and scope of his employment for the City of Bogalusa, and the workmen's compensation policy of said city certainly did not cover him in this activity. The fact that the workmen's compensation insurer for the City of *585 Bogalusa saw fit to make a compromise, or gratuitous payment to this plaintiff when they were not legally obligated to do so is no concern of this defendant, for under the plain provisions of the policy it was released from paying only if benefits were payable under any workmen's compensation law. Further than this, payments for medical services or compensation does not constitute an admission of liability for compensation under the workmen's compensation law. (See LSA-R.S. 23:1204).
"Since it is shown the plaintiff was occasioned expenses far in excess of the $1,000.00, I am of the opinion he is entitled to recover $1,000.00 which is the limit of medical expenses provided in the policy.
"The plaintiff further seeks recovery of a penalty payment of double the amount of the policy on the failure of the defendant to pay the claim within thirty days from the date on which written notice and proof of the claim was furnished said defendant, and he further seeks recovery of an additional $1,000.00 as attorneys' fees. LSA-R.S. 22:657 provides that all claims arising under the terms of health and accident contracts shall be paid not more than thirty days from the date on which written notice and proof of claim are furnished to the insurer and that failure of the insurer to pay within thirty days without just and reasonable grounds shall subject such insurer to a penalty payable to the insured double the amount of the claim due under the policy, together with attorneys' fees to be determined by the Court.
"Any law which provides a penalty of this character is subject to strict construction, and while it is true that the defendant did not pay the claim within the thirty days, I am of the opinion from the facts of this case, that defendant had just and reasonable grounds for not paying the said claim. My reason for this is that payments were made by the workmen's compensation insurer of the City of Bogalusa and it was certainly reasonable for the defendant insurer to assume that these payments relieved it under the terms of the exclusions under its policy. For these reasons the penalty will not be allowed.
"Accordingly, for the above and foregoing reasons, there will be judgment herein in favor of plaintiff and against the defendant in the full sum of $1,000.00 together with legal interest on said amount from date of judicial demand until paid."
We are of the opinion that the District Court correctly found that Wagner was injured while performing his duties as juvenile officer acting under the supervision and control of the District Court and while being paid for such services by the Washington Parish Police Jury. As pointed out by the District Court, recovery cannot be had under the medical payments clause if benefits were payable under the workmen's compensation act.
The pertinent provision of our Workmen's Compensation Act is LSA-R.S. 23:1034, which provides as follows:
"1034. Public employees; exclusiveness of remedies
The provisions of this Chapter shall apply to every person in the service of the state or political subdivision thereof, or of any incorporated public board or commissioner authorized to hold property and to sue and be sued, under any appointment or contract of hire, express or implied, oral or written, except an official of the state or other political subdivision thereof or of any such incorporated public board or commission; and for such employee and employer the payment of compensation according to and under the terms, conditions, and provisions set out in this Chapter shall be exclusive, compulsory, and obligatory; provided *586 that one employed by a contractor who has contracted with the state or other political subdivision, or incorporated public board or commission through its proper representative, shall not be considered an employee of the state, or other political subdivision, or incorporated public board or commission; provided further that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered by this Chapter and shall be eligible for compensation as provided herein."
Under this provision, if at the time of the injury plaintiff was an "employee" of Washington Parish, he could have recovered workmen's compensation benefits. If however he was an "official" of Washington Parish, he could not recover workmen's compensation benefits; see Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Coleman v. Maryland Casualty Company, La.App., 176 So. 143. The italicized portion of LSA-R.S. 23:1034 provides that municipal police officials may recover compensation's benefits, but specifically does not include Parish police officials.
We note that LSA-R.S. 13:1587 providing for appointment of juvenile officers ("probation officers" for juvenile courts) specifically designates that "such officers shall have all the power and authority of sheriffs to make arrests", etc. Therefore, such parish juvenile officers are classified as "officials" rather than "employees", and as such are not entitled to workmen's compensation benefits; see Hall v. City of Shreveport, 157 La. 589, 102 So. 680.
The District Court correctly concluded that Wagner was not barred from recovery under the medical payments clause herein on any ground that he was entitled to workmen's compensation benefits.
Due to the fact that the amount sued for was the sum of $3,000.00, we first noticed, ex proprio motu, the question of jurisdiction. Our Insurance Code provides for penalties for nonpayment of benefits under Insurance contracts in three provisions thereof. LSA-R.S. 22:656 provides for interest at the rate of 6% per annum as a penalty where death claims arising under policies of life insurance are not settled within sixty days from receipt of due proof of death where such failure to pay is without just cause. LSA-R.S. 22:657 provides that where payment under the terms of the "health and accident" contracts are not paid within thirty days, after written notice and proof of claim the insurer shall be subjected to a penalty of double the amount of the health and accident benefits.
LSA-R.S. 22:658 provides that "all insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 above shall pay the amount of any claim due any insured within sixty days after receipt of satisfactory proofs of loss from the insured or any party in interest." It goes on to provide further that failure to make such payment within the time stated, if such failure is found to be arbitrary, capricious or without probable cause, shall subject the insurer to a penalty of 12% on the total amount of the loss together with a reasonable attorney's fee. Then at the bottom of that particular section there is a proviso which is as follows:
"Provided, that all losses on policies covering automobiles, trucks, motor-propelled vehicles and other property against fire and theft, the amount of the penalty in each of the above cases shall be twenty-five per cent and all reasonable attorney's fees."
The policy sued on in the instant case is termed "Automobile Combination Policy" and provides for liability coverage on behalf of the insured together with coverage "C" which provides as follows:
"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury, sickness or disease, *587 caused by accident, while in or upon, entering or alighting from the automobile if the automobile is being used by the Named Insured or with his permission."
We do not think that the policy here sued upon comes within the terms of LSA-R.S. 22:657 but rather within the terms of LSA-R.S. 22:658. The Insurance Code as adopted and found in our Revised Statutes provides under LSA-R.S. 22:6 for the various kinds of insurance and they are classified and defined therein as follows:
"(2) Health and accident. Insurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto.
"(3) Vehicle. Insurance against loss or damage to any land vehicle or aircraft or any draft or riding animal or to property while contained therein or thereon or being loaded or unloaded therein or therefrom, and against any loss or liability resulting from or incident to ownership, maintenance, or use of any such vehicle or aircraft or animal.
"Insurance against accidental death or accidental injury to individuals including the named insured while in, entering, alighting from, adjusting, repairing, cranking, or caused by being struck by a vehicle, aircraft, or draft or riding animal, if such insurance is issued as part of insurance on the vehicle, aircraft, or draft or riding animal, shall be deemed to be vehicle insurance." (Italics ours.)
From this it can be easily seen that when the type of insurance as is provided for in coverage "C" in this policy is attached to and made part of the insurance policy on a vehicle, that same shall be termed to be vehicle insurance and not health and accident insurance. For the above and foregoing reasons we conclude that if the claimant was entitled to any penalties or attorney's fees in the instant case his claim would come under LSA-R.S. 22:658 and not LSA-R.S. 22:657.
Having concluded, however, that the provisions of LSA-R.S. 22:658 are applicable, the demand was necessarily inflated and we therefore do have jurisdiction.
Therefore, for the above and foregoing reasons the judgment of the Lower Court is hereby affirmed.
Judgment affirmed.