152 So.2d 96 (1963)
Marlon MYERS, Plaintiff and Appellee,
v.
The FIDELITY & CASUALTY COMPANY OF NEW YORK, Defendant and Appellant.
No. 828.
Court of Appeal of Louisiana, Third Circuit.
April 9, 1963.
Rehearing Denied May 1, 1963.
Certiorari Refused June 7, 1963.
*97 Plauche & Stockwell, by Oliver P. Stockwell and Robert Clements, Lake Charles, for defendant-appellant.
Rogers & McHale, by Jack Rogers, Lake Charles, James M. Comegys, Shreveport, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
This is a tort action arising out of a rear-end collision between two police cars belonging to the city of Lake Charles. The plaintiff, a member of the Lake Charles police force, was a passenger in a police car being driven by a fellow policeman, Rufus Davis. This vehicle was struck from the rear by another police car of the city of Lake Charles, being driven by policeman, Walter T. Koonce. All parties were, at the time of the accident, engaged in the performance of their duties as members of the Lake Charles police force. Koonce was clearly negligent in allowing his foot to slip off the brake of the vehicle he was driving, causing the car to strike the vehicle ahead in which plaintiff was a passenger. Plaintiff allegedly received a "whiplash" injury to the neck.
Defendant, The Fidelity & Casualty Company of New York, is insurer under a public liability policy with the city of Lake Charles as the named insured, covering the vehicle being driven by Koonce. Plaintiff contends that Koonce is an omnibus insured under the "Insuring Agreements" of the policy despite the so-called "cross employee exclusion" provisions. This contention is based on the proposition that these policemen were officers, and not employees, of the city of Lake Charles. On the other hand, the principal defense is that these policemen were employees of the city, within the meaning of the policy provisions that an omnibus insured is not afforded coverage where one employee is injured by the negligence of another employee of the same employer during the course of their employment.
The district court held that a policeman is an officer, not an employee, and therefore the cross employee exclusion of coverage from an omnibus insured does not apply. Defendant appealed.
The applicable portion of the policy reads as follows:

"INSURING AGREEMENTS
"* * * III Definition of Insured.
"(a) With respect to the insurance for bodily injury liability and for property *98 damage liability the unqualified word `insured' includes the named insured * * * and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured * * * or with the permission * * *. The insurance with respect to any person or organization other than the named insured * * * does not apply:

* * * * * *
"(2) to any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer."
Applying the provisions of the above quoted insuring agreements to the facts of the instant case, it is clear that Koonce was driving the police car with the permission of the named insured, the city of Lake Charles. Koonce is therefore an omnibus insured, unless he and plaintiff are both employees of the same employer, i. e., the city of Lake Charles. If Koonce and plaintiff are both employees of the city, then clearly Koonce is not an omnibus insured under the policy.
Plaintiff relies on Hall v. City of Shreveport, 157 La. 589, 102 So. 680 (La.Sup.Ct. 1925) and its progeny: Coleman v. Maryland Casualty Company, La.App., 176 So. 143 and Bowen v. Board of Trustees, La. App., 76 So.2d 430, as authority for the proposition that a policeman is a public officer and not an employee. We agree these cases clearly hold that a policeman is a public officer but they do not hold that a policeman is not also a government employee. We think that a policeman is both an officer and an employee, particularly within the meaning of the contract of insurance under consideration here.
Discussing the distinction between public office and public employment, we note, at the outset, the following statement in 42 Am.Jur. 889-890 Verbo Public Officers, Section 12 as follows:
"Public office, as hereinbefore defined and characterized, is in a sense an employment, and is very often referred to as such. But there is a distinction between a public office and a public employment which is not always clearly marked by judicial expression and is frequently shadowy and difficult to trace."
"The distinction, however, is one which in many instances becomes important and which the courts are called upon to observe. Although every public office may be an employment, every public employment is not an office, and the word `employee' as used in statutes has in many cases been construed as not including officers."
In Hall v. City of Shreveport, supra, our Supreme Court was concerned with a provision of the then Workmen's Compensation Act (paragraph 1 of Section 1 of Act 20 of 1914) which extended coverage under the act to all public employees "except an official of the State, or any parish, township, incorporated village or city, or other political subdivision * * *." The court followed the long accepted common law rule that a policeman is a public officer who exercises some portion of the sovereign power of state and held that, as an officer, he was excluded from workmen's compensation benefits. In the Hall case the court noted the distinction between an office and a simple employment but clearly recognized that an officer may also be an employee. The court stated:
"Chief Justice Marshall pointed out the distinction existing between an office and a simple employment in the often referred to case of United States v. Maurice, 2 Brock, 96, Fed.Cas.No. 15747, as follows:
"`Although an office is "an employment," it does not follow that every *99 employment is an office. A man may certainly be employed under a contract, express or implied, to do an act, or perform a service, without becoming an officer. But if a duty be a continuing one, which is defined, by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties appertaining to his station, without any contract defining them, if those duties continue, though the person be changed; it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer.'"
We think it is most persuasive that our legislature has frequently characterized policemen as employees. LSA-Revised Statutes, Title 33, Chapter 4, Part 3, dealing with the organization, wages, hours, pension and relief fund, etc. of the police departments of our various municipalities, uses the following language in LSA-R.S. 33:2211:
"The term `employee of a police department' as used in this Sub-part shall include all persons employed or engaged full time and paid by the municipalities affected by this Sub-part, for the enforcement of laws and ordinances and the general preservation of the public peace and order, including jailers and radio operators not otherwise classified, but shall not include or mean pound keepers, dog catchers, janitors, porters, elevator operators, chefs, kitchen helpers and workers, mechanics and mechanical helpers, special guards, physicians, carpenters, sign painters, any part-time or temporary employee, or any other employment of such special nature."
Furthermore, LSA-R.S. 33:2218.2, which provides $50 per month additional compensation to be paid by the state to municipal policemen, contains this language: "In addition to the compensation now paid by any municipality included in this Sub-part to any police officer, every police officer employed by any municipality which employs one or more police officers who devotes his full working time to law enforcement, shall be paid by the state extra compensation as follows:" (Emphasis supplied)
Also, the Civil Service Act of the state of Louisiana, covering municipal fire and police departments, refers to policemen as "employees". See LSA-R.S. 33:2473.
The attorneys for plaintiff make much of the argument that Act 412 of 1950, amending the Workmen's Compensation Act (See L.S.A.-R.S. 23:1034) uses the phrase "members of the police department" and does not expressly refer to policemen as "employees". We find no merit whatever in this argument because, in order to determine who are "members of the police department", we must refer to LSA-R.S. 33:2211, noted above, which expressly characterizes policemen as employees. Actually, we think that the language of the amendatory act (Act 412 of 1950) which states "* * * that members of the police department, or municipal employees performing police services, for any municipality who are not elected officials shall be covered * * *" is worded so as to make it clear that all policemen, whether in a city large enough to have a police department or whether simply employees of a municipality which does not have a police department, are covered by the act. We think the phrase "municipal employees performing police services" constitutes another reference by our legislature to policemen as employees.
Additionally, we are persuaded that the meaning which the ordinary person would attach to the use of the word "employees" in this insurance contract would include policemen. The court of appeal of the State of New York, in denying recovery in the case of City of Albany v. Standard Accident Insurance Company, 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165 N.E.2d 869 (1960) *100 held that policemen were in fact employees of the city within the meaning and intent of an exclusion clause identical to the one contained in the insurance policies herein. The court's opinion is particularly applicable here and we quote:
"The Appellate Division agreed that the issue of coverage was controlled by the common-law rule that a `policeman is not considered a municipal agent or servant but a public officer performing a governmental function. (citations)' [As did the Lower Court in our case]. * * *
"[But] We are concerned, in the instant case, not with the liability of a municipality under a statute * * * but with the liability of an insurer under a contract of insurance. * * * in deciding what the parties meant by the word `employee', `"our guide must be the reasonable expectation and purpose of the ordinary businessman when making an insurance contract * * *." Burr v. Commercial Travelers Mut. Accident Ass'n, 295 N.Y. 294, 301, 67 N.E.2d 248, 251, 166 A.L.R. 462. "The language employed in the contract of insurance must be given its ordinary meaning such as the average policyholder of ordinary intelligence, as well as the insurer, would attach to it." Abrams v. Great American Ins. Co., 269 N.Y. 90, 92, 199 N.E. 15, 16.' Morgan v. Greater New York Tax Payers Mut. Ins. Ass'n, 305 N.Y. 243, 248, 112 N.E.2d 273, 275." (Emphasis by the Court).
"Since the policy in question was specifically issued to cover the prowl car involved and used by the Albany Police Department, the parties surely must have considered members of the Albany police force to be employees of the city. If the language used in an insurance contract `must be given its ordinary meaning', then it would be most unreal to hold that members of the Albany police force were not considered employees of the City of Albany, by which they are hired, paid, disciplined, and discharged. It is not necessary to extend the application of any statute to hold that both Wells and Robinson were employees of the City for purposes of the insurance contract. All we need do is to give the word `employees' its `ordinary meaning' * * *"
In the present case the policy in question was issued to the city of Lake Charles, as the named insured, covering the specific police car involved in the accident. Surely it was contemplated by the parties to this insurance contract that policemen would drive the car as employees of the city.
Furthermore, our interpretation of the policy is consistent with the purpose of the cross employee exclusion as it must have been understood and intended by the parties to the contract. The obvious reason for the clause stating that no coverage will be afforded an omnibus insured, where one employee is injured by the negligence of another employee of the same employer while both are acting in the scope of their employment, is the idea that a claim for workmen's compensation benefits should be the exclusive remedy in such cases. Under LSA-R.S. 23:1034 policemen are now covered by our Workmen's Compensation Act and in the instant case plaintiff could have claimed workmen's compensation benefits from the city of Lake Charles. (Actually plaintiff did not, because he did not lose any wages.) Insofar as the named insured, the city of Lake Charles, is concerned, this was plaintiff's exclusive remedy. The policy was written primarily to protect the named insured, which paid the premium. If plaintiff is allowed here to sue the omnibus insured in tort, it would mean that the insurer's liability as to the omnibus insured is greater than it is as to named insured. This would not be consistent with the intention of the parties to the contract.
Having concluded that policeman Koonce is not an omnibus insured under the provisions *101 of the "Insuring Agreements" of the policy, it is unnecessary for us to consider the second issue argued by counsel, which is whether coverage in this case is excluded under the portion of the policy dealing with "Exclusions" and particularly the provision excluding liability to an injured party who can recover workmen's compensation from the insured. For this same reason, it is unnecessary for us to consider the applicability of the case of Pullen v. Employers Liability Insurance Corporation, 230 La. 867, 89 So.2d 373 (La.Sup.Ct.1956) because in the Pullen case the court was not concerned with the omnibus cause, it having been admitted that the tort feasor was an omnibus insured under the particular provisions of the policy. The omnibus clause in the Pullen case was materially different from the omnibus clause in the instant case, in that the clause in the Pullen case did not contain a cross-employee exclusion. In the Pullen case, the majority opinion was based solely on an interpretation of provisions contained in the "Exclusions" in the policy. We have decided that Koonce, the tort feasor, is not an omnibus insured. We do not have to consider the "Exclusions" relating to an injured party who can recover workmen's compensation from the insured.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment herein in favor of the defendant, The Fidelity & Casualty Company of New York, and against the plaintiff, Marlon Myers, rejecting plaintiff's demands and dismissing this suit. All costs in the lower court, as well as the costs of this appeal, are assessed against the plaintiff.
Reversed and rendered.
TATE, Judge (dissenting).
I respectfully dissent.
Under the terms of the liability policy issued by the defendant insurer, it was responsible for damages caused by the negligence of Koonce, the police officer using the insured vehicle at the time of the accident. Under the present facts, the defendant insurer is undoubtedly liable to the damages caused to the plaintiff police officer unless the cross-employee exclusion clause applies, thus excluding coverage "to any employee" (the defendant contending that Koonce is an "employee") with respect to injuries caused to "another employee" (the defendant likewise contending that the plaintiff officer is also an "employee").
The majority has written a most sensible opinion determining that the better view should be that police officers are "employees" of the municipality, so as to justify the application of the cross-employee exclusion clause and to deny recovery to the plaintiff. Although in Louisiana personal injury law it has been held several times that policemen are "officers" and not "employees" of the municipality, the majority offers sensible reasons why this rather arbitrary classification should be overruled and disregarded for many purposes.
I think the majority has fallen into error in its interpretation of the exclusion clause in question, however, because the majority did not apply (or even refer to) the well settled rule in Louisiana that, in construing an insurance policy, any ambiguity must be construed most favorably to the insured tort-feasor (Koonce) and against the insurer; so that, of the permissible constructions, the Court will adopt that which effectuates the insurance over another which defeats it. Pullen v. Employers Liab. Assur. Corp., 230 La. 867, 89 So.2d 373; Stanley v. Cryer Drilling Co., 213 La. 980, 36 So.2d 9. See also Schonberg v. New York Life Ins. Co., 235 La. 461, 104 So.2d 171. Further, "Exceptions to the general liability are to be strictly construed against the company, and any uncertainty in the meaning of the exclusion clause should be decided in favor of insured", 45 C.J.S. Insurance § 834, pp. 906-907; see also Pullen v. Employers Liab. Assur. Corp., cited above.
*102 The question before us, thus, actually is not whether the more sensible view should be to regard police officers as municipal employees, as the majority seems to have assumed.
The real question before us is whether, under Louisiana personal injury law (regardless of the views of New York or any other state), police officers are clearly and unambiguously municipal "employees", so as to justify the application of the crossemployee exclusion clause of this tort liability policy, as interpreted in accordance with the well-settled principles that exclusion clauses must be strictly construed and that policy ambiguities must be construed in favor of effectuating insurance coverage and against defeating it.
A strong argument can be made that the policy exclusion clause clearly does not apply herein, for the courts of Louisiana have consistently and definitely held that policemen are "officers" and not "employees". Hall v. City of Shreveport, 157 La. 589, 102 So. 680; Wagner v. Hartford Acc. & Indem. Co., La.App. 1 Cir., 81 So.2d 580; Coleman v. Maryland Cas. Co., La.App.Orl., 176 So. 143.
Without wishing to belabor the point, the three cited cases concern whether policemen are entitled to workmen's compensation benefits under the statutory provision now denoted as LSA-R.S. 23:1034. Under this provision governmental employees are covered by the workmen's compensation act, but not governmental officers.
The Hall case flatly held that a policeman is not an employee, but "is a public officer holding his office not under a contract between himself and the municipality, but as a trust from the state," 157 La. 592, 102 So. 681. Compensation benefits were therefore denied. This holding was followed in the Coleman case.
Following these decisions, the legislature amended the law so as to provide the compensation remedy not only for governmental "employees" but also for "members of the police department" of any municipality (Act 412 of 1950, now the last proviso of LSA-R.S. 23:1034)thus continuing to recognize the distinction between police officers and other governmental employees. That such a distinction is still valid, is seen by the Wagner decision, cited above, which in 1955 held that by the 1950 amendment the legislature had afforded a remedy only for municipal police officers, so that the parish police officer therein concerned was still not entitled to workmen's compensation for an injury at work. 81 So.2d 586.
Perhaps this line of Louisiana jurisprudence holding that policemen are not "employees" may be unrealistically technical (as the majority suggests) and should be overruled. This is not the issue before us, however, which is simply whether or notin the light of the unequivocal holdings of this never-overruled line of Louisiana cases the exclusion clause of the present policy unambiguously excludes coverage to the police officers involved in the present accident.
As these decisions showwhether or not they were correctly decided at the time, the word "employee" in Louisiana personal injury law has a well-defined meaning which excludes policemen from the term.
At the very least, therefore, it is questionable whether the cross-"employee" exclusion clause can be held even to have been intended to apply to policemen, in policies sold and issued and intended to be effective in Louisiana, where under the settled case law (in the light of which the policy is deemed to have been written and issued) policemen have consistently been held not to be "employees".
Our trial brother therefore held that, because of this settled Louisiana jurisprudence, the cross-exclusion clause clearly and without ambiguity did not apply.
The same conclusion was reached by our learned colleague on the federal bench, Judge Edwin F. Hunter, Jr. Another police officer who was injured in this same accident *103 had filed suit in federal court against the present defendant based upon its liability on the present policy. Davis v. Fidelity and Casualty Co., Civil Action No. 8521, United States District Court, Western District of Louisiana.
In a decision (as yet unpublished) on August 25, 1962, Judge Hunter disposed of the identical defense now sustained by the majority as follows:
"No Louisiana court has passed on whether a police officer is an employee of a city within the meaning of the co-employee exclusion clause (Section III (a) (2). But the courts of Louisiana have consistently in other circumstances adopted the old common law rule that a policeman is not considered a municipal agent or servant, but a public officer performing a governmental function. Accordingly, we feel bound to hold that in Louisiana a policeman is an officer and not an employee of the City, and therefore the exclusion pertaining to coemployees is not applicable. Hall et al. v. City of Shreveport, 157 La. 589, 102 So. 680; Bowen v. Board of Trustees, 76 So.2d 430; Coleman v. Maryland Casualty Company et al., 176 So. 143.
"Were we sitting as a federal court in the State of New York we would, of course, be bound by the recent decision of the New York Court of Appeals in Albany v. Standard Accident Insurance Company, 7 N.Y.2d 422, 198 N.Y.S.2d 303, 165 N.E.2d 869. There, it was held categorically that in the State of New York a police officer was an employee within the meaning of the coemployee exclusion. The New York decision gives to the words `employer' and `employee' their ordinary meanings and holds policemen are employees of the City by whom they are hired, disciplined and discharged. But the Louisiana jurisprudence on that relationship is to the contrary * * *." (Italics supplied.)
Thus both the state and the federal district courts have squarely held that the cross-employee exclusion clause unambiguously does not apply in the present instance, because under Louisiana law policemen are "officers" and not "employees". Not only have two of the three courts considering the matter reached a conclusion opposite to that of the majority herein, but also three (including myself) of the five judges who have thus far ruled on this identical policy question arising out of this same accident, are of the opinion that under Louisiana law the cross-employee exclusion clause cannot apply herein since neither the insured tortfeasor nor the injured person can be unambiguously classified as "employees" under Louisiana law, so as to permit the application of the exclusion clause.
It seems to me that this difference in considered judicial opinion must indicate, at the very least, that the policy language is ambiguous as to whether or not the crossemployee clause applies to police officers.
In such instances, as we have shown, as a matter of law the courts are required to adopt that policy construction which affords protection to the insured, as against another construction which does not; however much the court may feel that the insurance company might have intended an equally reasonable constructionwhich is, however, less favorable to its insured.
Courts are required by law to construe policy ambiguities in favor of affording insurance protection and against the insurer which wrote and issued the policy. This, the majority has not done, in my view (and in the view of the other two courts which have also considered the question).
It may be added that the present distinction between "officer" and "employee" for purposes of coverage is not a rare freak in insurance law. Insurance policies not uncommonly provide coverage for "officers" of the named insured, but exclude coverage for "employees". (For a very recent example where coverage depended on the technical distinction of whether the tortfeasor was an officer or an employee of the named insured, see Employers Liability *104 Assur. Corp. v. Upham, La.App. 4 Cir., 150 So.2d 595, 596.)
For the above reasons, I respectfully dissent.

On Application for Rehearing.
En Banc. Rehearing denied.
TATE, J., dissents from refusal to grant the application for rehearing.