ON REHEARING
REID, Judge.
This matter comes before this Court again on a rehearing limited to issues of penalties and attorney’s fees due plaintiff. In our original opinion we awarded double amount of medical costs, together with attorney’s fees as provided under LSA-R.S. 22:657. This Article refers to penalties due under health and accident policies.
This Court should have fixed the penalties due under LSA-R.S. 22:658, which refers to penalties due under policies other than life, health and accident. We originally held that the failure of the defendant insurance company to pay the medical claim was not based upon “just and reasonable grounds.” We are still of the opinion that these findings were correct but we fix the penalties at 12% of the medical cost of $652.63 as provided by LSA-R.S. 22:658.
Plaintiff’s attorney in his brief and opposition to the rehearing raised the issue that “Coverage C” of the insurance policy issued by the defendant indemnity company provided for medical expenses resulting from bodily injury, sickness and disease caused by the accident. He urges strongly that this is in effect a separate policy of sick and accident insurance, insuring whoever may be injured in an accident which was covered by this policy and therefore would come under the provisions LSA-R.S. 22:657. He cites the case of Sims v. National Casualty Company, La.App., 43 So.2d 26 in which this Court so held.
Subsequent to this Sims case, supra, this Court has held that under the medical payment portion of the policy the penalty was limited to 12% plus attorneys fees. See Wagner v. Hartford Accident and Indemnity Company, La.App., 81 So.2d 580, Newman v. Fidelity Mutual Insurance Company, La.App., 86 So.2d 404.
Our Brothers of the Second Circuit have followed these two cases in Upshaw v. Great American Indemnity Company, La.App., 112 So.2d 125. We quote the following excerpt from the Upshaw case:
“(16, 17) Appellee raises the further question of entitlement to penalties claimed under LSA-R.S. 22:657 for the failure of the insurance company to pay the amounts due within thirty days. It should be made clear at this point *377 appellee is in error as to the application of Section 657. Such a claim for medical benefits may be properly tendered in this case not under Section 657, but under 658.”
We, therefore, conclude that the penalties provided by LSA-R.S. 22:658 are the ones which should be assessed in this case rather than those provided by LSA-R.S. 22:657.
In regard to the attorney’s fees, based on the reduction in the amount of the award, we believe that $500.00 would be excessive and accordingly reduce the same to $300.00.
For these reasons it is ordered, adjudged and decreed that the original judgment rendered herein be amended to award plaintiff 12% penalties on the amount of the judgment, plus attorney’s fees in the amount of .$300.00, and in all other respects the same he affirmed.
Amended and affirmed.