SAMUEL, Judge.
This is a suit for medical payments allegedly due under an automobile liability policy issued by the defendant to the plaintiff and for statutory penalties and attorney fees. Defendant filed an exception of prematurity. Plaintiff has appealed from a judgment maintaining the exception and dismissing the suit at his cost. Defendant has answered the appeal praying for damages for frivolous appeal.
The petition was filed on October 17, 1963. It alleges the policy on plaintiff’s vehicle and various itemized medical expenses totaling $176.09 incurred by plaintiff and his wife when the vehicle was involved in a rear end collision on June 21, 1963. It also alleges: On August 14, 1963, plaintiff’s attorney wrote defendant’s agents informing them of the accident and enclosed with the letter medical reports of the two physicians who treated plaintiff and his wife. On September 10, 1963 the agents mailed to plaintiff’s attorney proofs of loss to be executed by the injured persons. On September 12, 1963 completed proofs of loss, itemized medical bills and a demand for payment were forwarded [to the agents]. On October 12, 1963 plaintiff’s attorney again wrote the agents advising that suit would be filed if payment was not made by October 16, 1963. Payment has not been made and defendant’s refusal to pay is arbitrary, capricious and without probable cause.
We note that the petition does not allege the defendant received any proofs of loss prior to the mailing of the completed forms on September 12, 1963. Also noted is the fact that the record reflects a tender of payment, in the amount of $176.09 by certified check, made by the defendant to the plaintiff on November 8, 1963 (within 60 days from September 12, 1963, the date on which the petition alleges the mailing of proofs of loss to the defendant’s agents), which tender was refused.
The appeal presents only one issue for our consideration and that is whether LSA-R.S. 22:657 or 22:658 is the applicable statute regarding penalties and attorney fees in the instant case. Plaintiff contends it is the former and defendant contends it is the latter. The material difference between the two statutory provisions, insofar as applicable to the exception of prematurity, is that LSA-R.S. 22:657 imposes a penalty and attorney fees for failure to pay 30 days from the date upon which written notice and proof of claim are furnished to the insurer, while LSA-R.S. 22:658 imposes a penalty and attorney fees for failure to make payment within 60 days after receipt by the insurer of satisfactory proofs of loss. As the petition in the instant case does not allege any proof of loss furnished to or received by the defendant other than the mailing of September 12, 1963, and as the petition was filed on October 17, 1963, the 30 day period has expired and the suit is not premature under LSA-R.S. 22:657, while the 60 day period has not expired and the suit is premature under LSA-R.S. 22 :- 658.
LSA-R.S. 22:656 provides the time within which payment of death claims shall be made. LSA-R.S. 22:657 provides when payment of all “claims arising under the terms of health and accident contracts” shall be paid. And LSA-R.S. 22:658 provides when payment shall be made by all “insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:-657”.
LSA-R.S. 22:6 classifies and defines insurance as follows:
“(2) Health and accident. Insurance against bodily injury, disablement or death by accident and against disablement resulting from sickness and every insurance appertaining thereto.
“(3) Vehicle. Insurance against loss or damage to any land vehicle or aircraft or any draft or riding animal or to property while contained therein or thereon or being loaded or unloaded therein or therefrom, and against any loss or liability resulting from or *840 incident to ownership, maintenance, or use of any such vehicle or aircraft or animal.
“Insurance against accidental death or accidental injury to individuals including the named insured while in, entering, alighting from, adjusting, repairing, cranking, or caused by being struck by a vehicle, aircraft, or draft •or riding animal, if such insurance is issued as part of insurance on the vehicle, aircraft, or draft or riding animal, ■shall be deemed to be vehicle insurance.”
Under the above quoted provisions we conclude that the policy involved in the present suit is vehicle insurance under LSA-R.S. 22:658 and not health and accident insurance under LSA-R.S. 22:657. Therefore, the suit has been prematurely filed and the judgment appealed from is correct. This same result has been reached by other Louisiana Courts of Appeal. Wagner v. Hartford Accident & Indemnity Co., La.App., 81 So.2d 580, Newman v. Fidelity Mutual Insurance Co., La.App., 86 So.2d 404, and Upshaw v. Great American Indemnity Co., La.App., 112 So.2d 125, hold that LSA-R.S. 22:658 is the applicable statute regarding penalty and attorney fees for medical payment insurance contained in automobile policies.
The remaining question to be decided is raised by defendant’s answer to the appeal. Is the defendant entitled to damages for frivolous appeal? Defendant contends that such damages should be allowed in view of the fact that a full tender of the amount prayed for was made within the 60 day period after receipt of proofs of loss. Its counsel argues the jurisprudence is such that an appeal on the grounds urged by plaintiff is clearly without merit, and this appeal must have been taken only for the purpose of delay.
The claim for frivolous appeal damages must be disallowed. We are unable to see how the plaintiff could benefit by delay. And all of the cases cited as authority for the proposition that LSA-R.S. 22:658 is the applicable statute relative to penalties and attorney fees for medical payment insurance contained in automobile policies are 'Court of Appeal cases from other circuits. The defendant has not called to our attention any Supreme Court case, or any case from this circuit, which so holds, and we know of none. In addition to the fact that appeals are favored and that a litigant ordinarily has the right, without penalty for frivolous appeal, to attempt to change the law established by jurisprudence, plaintiff can reach the Supreme Court, which has not passed on the question here involved, only by first taking an appeal to this court, which also has not previously passed on that question.
The judgment appealed from is affirmed.
Affirmed.