HAMITER, Justice.
 

 Plaintiff, Edless Manuel, brought this action in tort to recover for personal injuries sustained by him while riding as a passenger in an automobile driven by one of the defendants, William O. Johnson, against whom judgment was rendered and who is no longer a party to these proceedings. The other named defendant, Liberty Mutual Insurance Company (hereafter referred to as Liberty), was the public liability insurer of the Johnson vehicle which was owned by Abdalla’s Furniture, Incorporated (called hereafter Abdalla’s), the employer of both plaintiff and Johnson.
 

 Also in force and effect was a policy for workmen’s compensation insurance issued by Liberty to Abdalla’s; and, in its capacity as compensation insurer, Liberty paid plaintiff’s medical expenses. (No other compensation benefits were due plaintiff
 
 *483
 
 inasmuch as his employer had continued to pay his full salary during his period of disability.)
 

 In its answer Liberty admitted the issuance of the policy for public liability on the vehicle in question, but it denied that it afforded coverage to Johnson in the accident involving plaintiff. Alternatively, it denied Johnson’s negligence and pleaded contributory negligence on the part of plaintiff. It prayed for a dismissal of the suit and to be reimbursed by preference the amount it had paid an account of medical expenses under its compensation policy out of whatever judgment might be rendered in favor of plaintiff against Johnson, the alleged tort feasor.
 

 Following a trial on the merits the district court rendered a judgment in favor of plaintiff against Johnson in the sum of $10,282.63. The demand against Liberty was dismissed; and its right to be paid by preference out of the judgment against Johnson, for compensation benefits paid by it, was recognized. (Issues raised in preliminary proceedings, including a ruling on defendant’s motion for a summary judgment, are no longer involved.)
 

 Only plaintiff appealed, he complaining of that part of the judgment which dismissed his suit against Liberty.
 

 The Court of Appeal reversed the judgment insofar as Liberty’s liability was concerned, holding that the policy did afford coverage for plaintiff’s injuries. Otherwise it affirmed. Accordingly, it cast Liberty, in solido with Johnson for the damages sustained by plaintiff, less a credit for the medical expenses paid by it. 225 So. 2d 151.
 

 We granted certiorari at the instance of Liberty. 254 La. 829, 227 So.2d 373.
 

 In its application for certiorari Liberty’s assignments of error involved only the Court of Appeal’s holding that the liability policy afforded recovery for plaintiff’s injuries. Consequently, that is the sole issue now before the court.
 

 The insurance contract, in which Abdalla’s is the “named insured”, provides for payment on behalf of the insured all sums which it shall become legally obligated to pay as damages because of bodily injuries resulting from or caused by accident and arising out of the ownership, maintenance or use of any automobile. The word “insured” is defined as “the named insured and also includes any person * * * legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or with his permission, and any executive officer of the named insured with respect to the use of a non-owned automobile in the business of the named insured.
 
 The insurance with respect to any person or organisation other than the named insured does not apply:
 

 “
 
 * * * * iji *
 

 “(c)
 
 to any employee
 
 with respect to injury * * *
 
 of another employee of the
 
 
 *485
 

 same employer
 
 injured
 
 in the course of such employment in
 
 an accident arising out of the maintenance or use of an automobile in the business of such employer.” (Italics ours)
 

 The plaintiff contends that he was not in the course of his employment when the accident occurred and that, therefore, the exclusion (c) is not applicable. Liberty, on the other hand, contends that plaintiff was then in the course of his employment and that, consequently, the exclusion applies arid coverage was not accorded to the injuries received by him as the result of the negligence of the omnibus insured (Johnson). A resolution of the issue depends on the interpretation of the clause in question as it applies to the facts of the present case.
 

 Abdalla’s is a furniture retailer which maintains stores in both Lafayette and Opelousas. Plaintiff holds a responsible position with the firm and conducts his operations for it principally at one of the Opelousas stores as the assistant manager there, the manager being Mr. Jacob Abdalla who apparently is the principal (or perhaps the sole) owner of the corporation’s stock and who is its general manager. (Plaintiff’s position with the company is variously described in the record as an assistant manager, furniture buyer, manager of carpet department, promotional advertising manager, etc.). Johnson, who is Abdalla’s son-in-law, is the assistant general manager of all of the stores, he inspecting their operations and reporting thereon to Abdalla. He is responsible for effecting Abdalla’s policies and. orders in all of the stores. In such capacity he is plaintiff’s superior in the business.
 

 On August 29, 1962, Abdalla instructed plaintiff to go to Lafayette to advise and assist in the layout of a new store to be opened there. He was furnished with a company station wagon, and he was accompanied by Mr. J. A. Allen of the advertising department who was to help him. On undertaking the -mission it was the intention of the two employees to go there and return to Opelousas in the transportation furnished by their employer, as plaintiff had done on other occasions when his employment required that he do so. (In some instances when a company vehicle was not available, he used his own car; but he was paid mileage for the trip.)
 

 Johnson was in Lafayette on the same day, he also having driven there in a company owned station wagon regularly assigned to him. He was in and out of both Lafayette stores throughout the day. At some time during the afternoon a Mr. Louis Wilson invited plaintiff to have a drink with him before returning to Opelousas and to bring Allen along. Wilson also extended the same invitation to Johnson (The testimony and depositions are conflicting as to whether all three were present when the invitation was extended
 
 *487
 
 by Wilson or whether it was given at different times to each.)
 

 Wilson was a representative of an electrical appliance distributor and had conducted business with Abdalla’s. The record reflects that although he dealt principally through Johnson, the plaintiff could and did “pinch hit” for him in placing purchase orders with Wilson.
 

 Some time after five o’clock in the evening plaintiff and Allen, on completion of their work at the store, went to the designated lounge and had commenced to drink a beer with Wilson as Johnson arrived. When it was suggested that they have another drink Allen indicated that he would like to return early to Opelousas; whereupon, plaintiff arranged with Johnson to ride back with him and gave Allen the keys to the vehicle he had driven to Lafayette. Allen then left.
 

 Very shortly thereafter plaintiff and Johnson left in the latter’s station wagon. They passed by one of the Lafayette stores with the intention of possibly going in there to a sales meeting; but (apparently because the weather was bad) they decided not to do so, and started back to Opelousas. On the way back the accident involved here occurred. Johnson testified that prior thereto he and the plaintiff were discussing what the latter had done that day at the new store.
 

 It is conceded that Johnson was operating the vehicle in the business of his employer, inasmuch as he was to return to Opelousas to report to Abdalla’s that night.
 

 We think that there is no doubt but that plaintiff would have been in the course of his employment had he been injured while returning to Opelousas with Allen in the station wagon furnished to him for the trip if he had left Lafayette at the end of the work day without visiting the lounge. We are further of the opinion that if the plaintiff, under the circumstances actually existing, were suing his employer or its insurer to recover workmen’s compensation benefits that he would be held to have been in the course of his employment and entitled to recover such benefits, gee Griffin v. Catherine gugar Company, Inc., 219 La. 846, 54 go.2d 121.
 

 We have also concluded, for the reasons hereafter detailed, that he was when injured in the course of his employment within the contemplation of the liability insurance policy’s exclusion clause; and consequently, that no coverage was afforded under it for the injuries sustained.
 

 We have given careful consideration to the evidence in the record which consists of the testimony and depositions of all persons involved. In view of the plaintiff’s prominent position with Abdalla’s, as well as Wilson’s relationship with the company, we do not believe (as contended by plaintiff) that he was on a pure^ personal mission when he went to the lounge to have a drink with Wilson before returning to
 
 *489
 
 Opelousas. It was certainly an act which, though social in nature, would tend to effect pleasant and beneficial results with regard to their business dealings; and they, in turn, would be advantageous to plaintiff’s employer.
 

 We note particularly that there is nothing in the record which would suggest that Wilson’s invitation was motivated by anything other than his business association with plaintiff. And despite his and plaintiff’s statement that the invitation was purely personal no showing was made that they met at any other time for purely personal social engagements, or that they maintained a relationship other than a business one. The clear impression one gets from all of the testimony is that all three of Abdalla’s employees went to the lounge more as an accommodation for business reasons than because they wanted to. And, at least as far as Allen was concerned, it amounted actually to an inconvenience. I11 fact, they all left after a very short time, plaintiff not even finishing his second beer.
 

 If we are correct in our conclusion that the excursion to the lounge was business connected and inured to the benefit of plaintiff’s employer then plaintiff never left the course of his employment, and the injuries suffered by him while returning to Opelousas clearly fall within the cited exclusion clause.
 

 However, even conceding that it was of such a personal nature as to constitute a slight deviation from his employment, we are nevertheless of the opinion that he is not entitled to recover from Liberty in this suit, because when he left the lounge and commenced the trip back to Opelousas, he was then within the course of his employment as contemplated by the terms of the policy, the trip to the lounge having been but a temporary short diversion (if it amounted to that).
 

 We are not impressed with the argument of plaintiff that he was no longer in the course of his employment because, as he testified, he considered himself free for the evening; that he felt that his employment for the day had terminated when he left the store; that he could have returned to Opelousas whenever and in any manner he chose; and that Wilson had offered to drive him back (although Wilson stated that to do this he would have had to go to Opelousas and immediately return to Lafayette to spend the night there).
 

 The fact remains that plaintiff did not relinquish the transportation furnished by his employer until other means, also furnished by the employer, were available to him; that he used that method to return to Opelousas in accordance with his original plan; and that while so returning he and Johnson were discussing his business affairs of the day.
 

 
 *491
 
 The contrary result reached by the Court of Appeal is based primarily on the observations in some Court of Appeal opinions to the effect that in a tort action the court give a narrow interpretation to the phrase “in the course of his employment”, while in compensation cases a liberal interpretation is to be afforded the phrase; and for this reason the latter cases involving such a determination are not controlling in the present suit. The court cites four cases to support its conclusion.
 

 Despite the seemingly appropriateness of excerpts from the cited cases a reading of the entirety of the opinions readily discloses that the cases, except for Harris v. Hymel Store Company, La.App., 200 So.2d 84 (which was not a final judgment and for that reason certiorari was denied), do not support the court’s conclusion. At least one is favorable to the defendant in this case.
 

 Our research of the matter, however, reveals that there are some cases which do hold that in tort actions, where the issue is whether an alleged tort feasor is in the course .of his employment, the same considerations are not given to holdings involving the same issue in compensation suits, because a stricter rule applies in tort actions. But those- decisions were rendered in suits
 
 by, third parties against the employer
 
 of the tort feasor, and recovery depended on the application of the doctrine of respondeat superior. Even so, there are cases in the jurisprudence to the contrary.
 

 But in Harris v. Hymel Store Company, supra, which has further extended the doctrine to a case such as this one, the claim for tort damages, although based on a contract of insurance, the matter of respondeat superior is not at issue. In the Harris case the court made no attempt to interpret the contract and apparently, failed to perceive the distinction in the case.
 

 Jagneaux v. American Automobile Insurance Company et al., 136 So.2d 91, not cited in the Court of Appeal opinion, involved the identical issue presented here. Therein plaintiff sought damages against his employer’s insurer for injuries received in an accident while he was being driven home by a co-employee in a truck owned by their employer. Recovery of damages caused by the negligence of the co-employee was based on an automobile liability insurance policy issued to the employer which contained the same exception to coverage as the one under consideration. Plaintiff, as here, urged that even though for the purpose of a workmen’s compensation suit he might be considered as being in the course of his employment, that did not necessarily mean that he was injured in the course of such employment within the terms of the policy sued on because the action was one of ex delicto. In denying recovery the court said: “ * * * We can
 
 *493
 
 not agree with this attempted distinction. In the instant case the plaintiff, employee, was injured while being transported home •after work by his employer under the contract of employment, in a vehicle furnished by the employer and being driven at the time by a co-employee of the plaintiff, under directions and instructions of their common employer. Under these facts plaintiff, at the time of his injury, was clearly ‘injured in such employment’ by an automobile being used ‘in the business of such employer’ as these terms are used in the so-called ‘co-employee clause’ which is guoted hereinabove from the insurance policy.” We refused plaintiff’s prayer for certiorari stating that “On the facts found by the Court of Appeal there is no error of law in its judgment.”
 

 Although the case is not identical, we think- that the reasoning of the court in Myers v. Fidelity and Casualty Company of New York, La.App., 1S2 So.2d 96, in which we denied certiorari, is pertinent. Therein- a police officer of the City of Lake Charles was injured by the negligent operation of a vehicle by another police officer while they were both in the performance of their duties as members of the police force of Lake Charles. He sought to recover damages for his injuries under an automobile liability policy in which the city was the named insured. It contained the same exception as is found in the policy under consideration. Plaintiff claimed that he was an “officer” and not an employee within the meaning of the language of the exclusion clause. The court determined that he was an employee within the contemplation of the exclusion, reasoning that: “Furthermore, our interpretation of the policy is consistent with the purpose of the cross employee exclusion as it must have been understood and intended by the parties to the contract. The obvious reason for the clause stating that no coverage will be afforded an omnibus insured, where one employee is injured by the negligence of another employee of the same employer while both are acting in the scope of their employment, is the idea that a claim for workmen’s compensation benefits should be ’the exclusive remedy in such cases. Under LRS 23:1034 policemen are now covered by our Workmen’s Compensation Act and in the instant case plaintiff could have claimed workmen’s compensation benefits from the City of Lake Charles. (Actually plaintiff did not, because he did not lose any wages). Insofar as the named insured, the City of Lake Charles, is concerned, this was plaintiff’s exclusive remedy. The policy was written primarily to protect the named insured, which paid the premium. If plaintiff is allowed here to sue the omnibus insured in tort, it would mean that the insurer’s liability as to the omnibus insured is greater than it is as to the named insured. This would not be consistent with the intention of the parties
 
 *495
 
 to the contract. In denying certiorari we observed that “We find no error of law in the judgment complained of.”
 

 We agree with the conclusion of the last two cited cases. We believe that the clause must be given the reasonable interpretation to effect its obvious intent and purpose. And if plaintiff’s actions were of such nature as to be within the course of his employment so as to entitle him to workmen’s compensation benefits from his and his co-employee’s employer then he should be held to be within the course and scope of his employment within the terms of the insurance policy’s exclusion clause. Consequently, resort must be had to the cases dealing with compensation claims to determine whether the plaintiff was in the course of his employment. And it follows that those cases wherein liability rests solely on the doctrine of respondeat superior are inapplicable.
 

 Inasmuch as the plaintiff herein would clearly have been' entitled to receive compensation benefits, that is his only remedy (although he, like the plaintiff in the Myers case, supra,' could collect only his medical expenses for the reason that he lost no salary).
 

 In this court, for the first time, the plaintiff urges that he should be permitted recovery because Johnson was also an insured as an executive officer of the corporation. He relies on that provision of the policy, heretofore quoted, which recites that the word “insured” shall include “any executive officer with respect to the use of a non-owned automobile in the business of the named insured.”
 

 The argument is without merit. In the definitions we find the following provisions: “(a) Automobile * * * means a land motor vehicle or trailer as follows:
 

 “(1) Owned automobile — an automobile owned by the named insured
 

 “(2) Hired automobile * * *
 

 “(3) Non-owned automobile — any other automobile.”
 

 Under such definition the vehicle involved in the accident was clearly not a non-owned automobile inasmuch as it was owned by the named insured — Abdalla’s. The purpose of the clause obviously was to protect the named insured from liability ¿rising out of its officer’s use of a horn owned vehicle on behalf of the company. It is parallel to those clauses which provide insurance protection to 'a private individual when he is driving a vehicle other than the one named in his policy. And it in no way affects the operation of' the exclusion clause when suit is brought against ah omnibus insured as Johnson was in the instant case.
 

 For the reasons assigned the jttdgment of the 'Court of Appeal is reversed and set
 
 *497
 
 aside and the judgment of the district court is reinstated and made the decree of this court. Plaintiff is to pay all appellate costs.