Frank J. **HEISER,** Plaintiff,

v.

**J. T. GIBSON** and Guinn Wilkinson, Defendants.

Civ. A. No. 73–1532.

United States District Court, E. D. Louisiana.

Sept. 25, 1974.

Gerald A. Bosworth, Michael J. Samanie, Houma, La., for plaintiff.

Jack C. Benjamin, New Orleans, La., for defendants.

ALVIN B. RUBIN, District Judge:

Frank Heiser brought this suit against J. T. Gibson and Guinn Wilkinson, executive officers of his employer, for the injuries he claims he sustained when the company truck in which he was riding collided with another vehicle. The theory of liability is novel: these company officials should be held personally liable because they forced the driver of the truck to work so long and so hard that the accident ensued. Gibson and Wilkinson have brought third-party claims against Continental Casualty Company, which insured the company against both manufacturers' and contractors' liability and automobile liability, and against the company's insurance agents, who, the defendants argue, should have obtained coverage against this risk. All parties involved in the third-party demands have moved for summary judgment. Continental denies that it afforded Gibson and Wilkinson coverage under either policy; the executive officers and the insurance agents claim that the Manufacturers' and Contractors' Liability policy (MCL) applies.

■ The MCL policy specifically excludes "bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of . . . [a]ny automobile . . . owned or operated by or rented to the named insured. . . ." There is no doubt that the vehicle involved was a company vehicle. The executive officer defendants argue that the exclusion is inapplicable because the *negligence alleged* has nothing to do with the "ownership, maintenance, operation, use, loading or unloading" of an automobile. They urge that the accident "arose," in a legal sense, out of their own alleged negligence as supervisors.

But the theory of liability upon which a plaintiff chooses to base his action is irrelevant to the application of the exclusion by its express terms. The exclusion turns on the *source of the injury*, not the *theory of legal liability*. If the injury "arises out of" the use or operation of an automobile, then the exclusionary language forecloses coverage. The language in which this exclusion was drafted is clear; had the companies involved meant to exclude only injuries arising out of *negligence in* the operation of an automobile, they might have done so with those very words.

■ With respect to the company's automobile policy, Continental argues that the policy's cross-employee exclusion precludes coverage of this accident. Section II of the policy provides: "None of the following is an insured: (i) any person while engaged in the business of his employer with respect to BODILY INJURY to any fellow employee of such person injured in the course of his employment." Gibson and Wilkinson seek to avoid the application of this exclusion by arguing that they, as executive officers, cannot be considered fellow employees of the plaintiff. They rest their argument on the fact that the policy includes executive officers, but not other employees, in the group of persons covered while using non-company owned vehicles on company business; this, they suggest, shows that the policy was intended to cover executive officers in a manner different from the coverage extended to other employees.

This argument is foreclosed by the decision of the Louisiana Supreme Court in Manuel v. Liberty Mutual Insurance Company, 1970, 256 La. 480, 236 So.2d 807. There the Court rejected a similar attempt to ground executive officer liability on a clause like the one relied on

by Gibson, Wilkinson, and the insurance agents here. The Court found that the purpose of these clauses is to "protect the named insured from liability arising out of its officer's use of a non-owned vehicle on behalf of the company." Such a clause "in no way affects the operation of the exclusion clause when suit is brought against an omnibus insured . . . ." The Court's interpretation of the non-owned vehicle clause prevents this court from drawing the inference the defendants urge.

The Louisiana Supreme Court in *Manuel* looked to the workmen's compensation laws to determine the scope of coverage, finding that the purpose of a cross-employee exclusion is to preclude coverage in cases where compensation would be available to the injured employee. 236 So.2d at 812–813. Other Louisiana courts have turned to the workmen's compensation laws for guidance in interpreting clauses like the one at issue in this case. See e. g., Myers v. Fidelity & Casualty Co., La.App.1963, 152 So.2d 96. In this light, the provisions of LRS 23:1044 become particularly important: "Every executive officer elected or appointed and empowered in accordance with the charter or by-laws of a corporation . . . shall be an employee of such corporation under this Chapter." The cross-employee exclusion thus applies to executive officers and precludes liability under the company's automobile policy.

The defendants argue that interpreting these two policies in this fashion leaves these executive officers uninsured, and that this result should be avoided if at all possible; they suggest that the policies' ambiguities should be construed in favor of coverage. This argument is sound, so far as it goes; but there is simply no ambiguity in either of these policies to enable them to be read in one light or another. As unfortunate as this result may be for these individual defendants, this court is not free to distort the plain meaning of a contract. They must find insurance protection in their own insurance policies or in some other policy taken out by the company in which they were executives.

Accordingly, the motions of Gibson and Wilkinson for summary judgment are denied. The motions of the insurance agents for summary judgment are denied. The motion of Continental Casualty Company for summary judgment is granted.