370 So.2d 1267 (1979)
Clyde Earl KELLEY, Plaintiff-Appellant,
v.
M AND M DODGE, INC., et al., Defendants-Appellees.
No. 6656.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
Rehearing Denied June 6, 1979.
*1268 Gravel, Roy & Burnes, by Chris J. Roy, Alexandria, for plaintiff-appellant.
Watson, Blanche, Wilson & Posner, David W. Robinson, Baton Rouge, Gist, Methvin & Trimble, James T. Trimble, Jr., Alexandria, for Pharis & Pharis, James A. Pharis, Jr., Alexandria, Gold, Little, Simon, Weems & Bruser, Henry B. Bruser, III, Alexandria, for defendants-appellees.
Before CULPEPPER, DOMENGEAUX and CUTRER, JJ.
CUTRER, Judge.
This is a suit for damages. Plaintiff, Clyde Earl Kelley, alleges that he was employed by M & M Dodge, Inc., on August 17, 1974, when he was injured in the course and scope of his employment. Kelley alleges that he sustained the injury while he was in the process of cutting barrels with a torch, causing one to explode.
Kelley filed suit against his employer, M & M Dodge, Inc., and two alleged "executive officers" of M & M Dodge, Inc., these being Oliver McMickens, vice president, and Ken Edwards, a superintendent. American Hardware Mutual Insurance Company (hereinafter referred to as American Hardware) was sued under two policies as the liability insurer of M & M Dodge, Inc., and its "executive officers."
McMickens filed a third party demand against American Hardware contending that American Hardware afforded him coverage and owed him a defense.
Peremptory exceptions of no cause of action were filed on behalf of M & M Dodge, Inc., and its insurer, American Hardware. A peremptory exception of no cause of action was filed with regard to the third party demand of McMickens.
The trial court sustained these exceptions and dismissed plaintiff's suit against M & M Dodge, Inc., and American Hardware. The judgment also dismissed the third party demand of McMickens against American Hardware. Plaintiff appealed.
The two issues presented are as follows:
I. Whether Kelley's petition states a cause of action against American Hardware under the terms of the Garage Liability Policy issued to M & M Dodge, Inc.
II. Whether Kelley's petition states a cause of action against American Hardware under the terms of Standard Workmen's Compensation and Employers Liability Policy.

I.
The first issue is whether the petition states a cause of action when it alleges that Oliver McMickens, as an "executive officer," was covered by American Hardware's Garage Liability policy issued to M & M Dodge, Inc.
*1269 American Hardware contends that the "fellow employee" exclusion in its policy is applicable and on this basis denies coverage.
The exclusion reads as follows:
"None of the following is an insured:
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment;"
Counsel for Kelley argues that the "fellow employee" exclusion does not apply to "executive officers" as a matter of law but the exclusion is only applicable when such "executive officer" is a "fellow employee" as a factual matter. Counsel contends that it is the character of the acts or works performed by the "executive officer" at the time of injury that determines whether the executive officer was in fact a fellow employee.
This question was presented in the case of Mauterer v. Associated Indemnity Corp., 332 So,2d 570 (La.App. 4th Cir. 1976), wherein the court held as follows:
"The exclusion at issue is on page 3 of the policy under the section,
`Persons Insured'
* * * * * *
`None of the following is an insured
(i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; . . . .
"It is not at issue that Mauterer was in the course of his employment when killed and that the negligence complained of by plaintiffs arose solely from the executive officers engaging in the business of the Sam P. Wallace Company. The sole issue becomes are the executive officers to be included within the meaning of the words `fellow employee'?
"This exclusion is commonly known as the `cross-employee exclusion' and its intent is to deny coverage to employees that have a remedy under the Workmen's Compensation Act. [footnote omitted] Manuel v. Liberty Mutual Insurance Co., 256 La. 480, 236 So.2d 807 (S.Ct.1970); Myers v. Fidelity and Casualty Company of New York, 152 So.2d 96 (La.App.3rd Cir. 1963).
"The question of whether an executive officer is an `employee' within the meaning of the cross-employee exclusion has recently been answered in the federal courts, Heiser v. Gibson, 386 F.Supp. 901 (E.D.La.1974). The court in Heiser, citing Manuel v. Liberty Mutual Insurance Co., supra, held that in determining whether an executive officer is an employee it is proper to look to the Workmen's Compensation Act. LSA R.S. 23:1044 states that executive officers are deemed to be employees for purposes of receiving compensation benefits. This being true they ought to also be employees for purposes of interpreting an insurance contract provision, the intent of which is to exclude persons with a remedy under the Workmen's Compensation Act."
In the recent case of Credeur v. Luke, et al., 368 So.2d 1030, rendered March 5, 1979, the Supreme Court held that if the executive officer is the named insured, the cross-employee exclusion does not apply as the executive officer is not an employer of Alton Credeur and such executive officer could not be exposed to a workmen's compensation obligation. The court distinguished that case from Mauterer, supra, since the insured in Mauterer was the employer and subject to a workmen's compensation obligation.
In the case at hand the named insured, M & M Dodge, Inc., is the employer of Kelley; thus the principles enunciated in Mauterer are applicable.
The exclusion applies and the General Liability Policy provides no coverage in this suit, and the trial court properly sustained American Hardware's exception of no cause of action in this regard.

II.
Counsel for plaintiff next contends that the Standard Workmen's Compensation and Employers Liability Policy provides, in addition to workmen's compensation coverage, liability coverage for any injured *1270 employee of M & M Dodge, Inc. Plaintiff contends that he has a cause of action in tort under the policy against American Hardware even though such an action did not exist against M & M Dodge, Inc., the employer. Counsel contends the liability coverage inures to the benefit of an employee as a stipulation pour autrui. The insured under the policy is M & M Dodge, Inc., and assuming that liability coverage in the policy was provided to M & M Dodge, Inc., the argument of plaintiff is without merit. This novel argument is properly disposed of by the trial judge where he reasoned as follows:
"One thing to remember is whether the plaintiff has a cause of action. Clearly under the workmen's compensation law he does not have a cause of action, either against M & M Dodge or its compensation carrier. Coverage B does not create a cause of action for the plaintiff. He finds his cause of action in the law. * * R.S. 23:1032 provides:
`The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this chapter shall be exclusive of all other rights and remedies of such employee, his personal representations, dependents, or relations.'
"The plaintiff wishes to contend that while admitting that M & M Dodge, Inc., has no liability for this present suit, that the immunity of M & M Dodge does not flow to the insurer. The falacy [sic] of this proposition is that it is not a question of immunity of the employer. It is that the compensation remedy is the exclusive remedy or cause of action accruing to the employee. Also it is not a matter of immunity for insurance companies. The compensation law states that the employee does not have a cause of action not only against the employer but also against the employer's insurer. R.S. 23:1166 provides:
"`When an insurance company issues a policy of insurance to an employer covering claims for injuries to employees that may arise within the scope of the employer's business, the insurance company shall be estopped to deny liability on the grounds that the employment was not hazardous and during the period such insurance is in effect, claims for injuries occurring during such period by such employees against the employer or the insurance company shall be exclusively under the workmen's compensation act.'"
Plaintiff's cause of action against M & M Dodge, Inc., and its insurer is, by law, limited to a claim for workmen's compensation. The existence of liability coverage for the employer does not create a cause of action in tort against either the employer or its insurer. The exception of no cause of action filed by American Hardware was properly sustained.
For these reasons, the judgment of the trial court is affirmed. Appellant is to pay costs of this appeal.
AFFIRMED.