396 So.2d 543 (1981)
Bobbye T. FOX et al., Plaintiffs-Appellants,
v.
COMMERCIAL UNION INSURANCE COMPANY et al., Defendants-Appellees.
No. 7947.
Court of Appeal of Louisiana, Third Circuit.
March 11, 1981.
Kramer & Laird, Bernard Kramer, Alexandria, for plaintiffs-appellants.
Trimble, Randow, Smith & Wilson, Alonzo P. Wilson, Alexandria, and Bryant W. Conway, Baker, for defendants-appellees.
Before CULPEPPER, FORET and SWIFT, JJ.
FORET, Judge.
This is a wrongful death action. Bobbye T. Fox, Michael Fox, and Kim Fox Crooks (Plaintiffs) are the surviving widow and children of James R. Fox. Plaintiffs' decedent was killed when a pickup truck driven by George M. Burns (Defendant) and insured by Commercial Union Insurance Company (Commercial) was struck by a train.[1] Plaintiffs appeal from a summary judgment dismissing their action against Burns and Commercial. The issues on appeal are:
(1) Whether the trial court erred in granting summary judgment to Burns predicated on the exclusive remedy provisions of the Workmen's Compensation Act.
(2) Whether the trial court erred in granting summary judgment to Commercial predicated on plaintiffs' failure to state a cause of action against the tortfeasor.

*544 FACTS
The undisputed facts are set forth in an affidavit by J. W. McDonald, which was filed into the record. That affidavit reads in part:
"... That he does business as J. W. MCDONALD CONTRACTOR out of Glenmora, Louisiana; that on or about August 10th, 1979 he was the employer of JAMES R. FOX and GEORGE BURNS: that the said JAMES R. FOX and GEORGE BURNS were working on a road construction project south of Lake Charles, Louisiana in Cameron Parish, Louisiana prior to and on August 10th, 1979; that the employment agreement between J. W. McDONALD d/b/a J.W. MCDONALD CONTRACTOR and JAMES R. FOX and GEORGE BURNS provided that J. W. MCDONALD d/b/a J. W. MCDONALD CONTRACTOR would provide transportation, including a vehicle and gasoline, to the job site in Cameron Parish, Louisiana and back to Glenmora, Louisiana; that on or about August 10th, 1979 at approximately 6:15 P.M. GEORGE BURNS and JAMES R. FOX were traveling in a pickup truck furnished by J. W. MCDONALD d/b/a J.W. MCDONALD CONTRACTOR for returning to Glenmora, Louisiana from the job site in Cameron Parish, Louisiana; that the said pickup truck and the gasoline being used were furnished to the said GEORGE BURNS and JAMES R. FOX by J.W. MCDONALD d/b/a J.W. MCDONALD CONTRACTOR as an incident to their employment contract for their transportation from the job site back to Glenmora, Louisiana; that on or about August 10th, 1979 at approximately 6:00 P.M. JAMES R. FOX and GEORGE BURNS were involved in a collision between the pickup truck they were in and a train..."
Plaintiffs instituted this action on October 31, 1979, alleging that the negligence of Burns and the negligence of the railroad employees operating the train were the proximate cause of the collision.
Burns and Commercial then filed motions for summary judgment. The trial court heard the motions and rendered judgment on April 25, 1980, sustaining the motions and dismissed the plaintiffs' action against these two defendants. Plaintiffs were granted a devolutive appeal.

SUMMARY JUDGMENT IN FAVOR OF BURNS
Plaintiffs first argue that a distinction must be made between the test used to determine if an employee is in the course and scope of his employment so as to create vicarious liability for his employer (under the doctrine of respondant superior) and the test used to determine if he is entitled to workmen's compensation benefits because he has suffered an accidental injury arising out of and in the course of his employment. We fail to see how this distinction is beneficial to plaintiffs' position in the action before us.
Here, plaintiffs are attempting to maintain a tort action against a co-employee of the decedent. They bring no action against the common employer nor do they bring an action for workmen's compensation benefits based on the accidental death of the decedent. The cases cited by plaintiffs[2] in which the above distinction is made, have no bearing on the issues before us.
Plaintiffs next argue that the immunity from civil liability provided by LSA-R.S. *545 23:1032[3] to employees who negligently injure a co-employee is more restrictive than that granted to employers or principals who negligently injure their employees. Plaintiffs cite no jurisprudence in support of this contention and simply point to the last paragraph of LSA-R.S. 23:1032, supra, which reads:
"The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section." (Emphasis provided.)
Plaintiffs argue that Burns was "not engaged at the time of the injury in the normal course and scope of his employment" which, according to them, is more restrictive than simply acting in the course and scope of one's employment.
The problems which may arise if plaintiffs' argument is accepted were noted in 14 La. Civil Law Treatise: Workers' Compensation; Malone and Johnson, § 364, where the author stated:
"The section further provides that the immunity does not extend, however, to `any officer, director, stockholder, partner or employee * * * who is not engaged at the time of the injury in the normal course and scope of his employment,' or to the liability of any partner in a partnership formed for the purpose of evading the Act. 74 It is not clear whether the use of the word `normal' is intentional and is meant to convey some meaning other than that officers may not use this immunity as a shield in a tort suit involving a non-work-related injury. It remains at least theoretically possible to argue that an officer who goes outside of his `normal' duties and negligently injures an employee might be liable in tort. Such an officer might well still be insured under the standard liability policy issued to an employer, which often insures an executive officer, director or stockholder `while acting within the scope of his duties as such. * * *' 75 The argument, of course, would be that his duties are broad, but his `normal' duties, as to which he has immunity, might be more specific. One hopes that this rather tenuous argument, which would open another amorphous loophole, will not be accepted."
The same problems would arise in attempting to determine when an employee who injures a co-employee was engaged, at the time of the injury, in the performance of his "normal" employment duties.
We find that the last paragraph of LSA-R.S. 23:1032, supra, simply means that an employee will be granted immunity from civil liability when he negligently injuries a *546 co-employee if, at the time of the injury, he was engaged in the course and scope of his employment. Braxton v. Georgia-Pacific Corporation, 379 So.2d 1150 (La.App. 2 Cir. 1980); Shepard v. Louisiana Power & Light Company, Inc., 369 So.2d 1196 (La.App. 2 Cir. 1979).
Plaintiffs' last argument is that an employee going to and from his place of employment in transportation furnished by his employer is not acting within the course and scope of his employment. We disagree.
The general rule is that an accident that befalls an employee while he is going to or returning from work does not occur in the course of his employment. However, 13 La. Civil Law Treatise: Workers' Compensation; Malone and Johnson, § 170[4] states the following rule with regard to accidents which happen in the same circumstances as those present in the case before us:
"An accident that happens while an employee is being transported to or from work by his employer is compensable under the Act if the transportation is furnished as an incident of the employment. 95 This is a widely recognized exception to the general rule, and it has given rise to considerable litigation in Louisiana. The rule applies whenever the employer has interested himself in the transportation to and from work as an incident to the employment agreement, and it is immaterial whether he provides a conveyance and driver, provides a vehicle for the employee's use, or merely pays the cost of fuel for the employee's own vehicle. 96"
See also Flynn v. Devore, 373 So.2d 580 (La.App. 3 Cir. 1979); Jagneaux v. Marquette Casualty Company, 135 So.2d 794 (La.App. 3 Cir. 1961).
It is clear that both plaintiffs' decedent and Burns would be considered as having been acting in the course and scope of their employment for purposes of LSA-R.S. 23:1031,[5] at the time the accident occurred and plaintiffs admit that this is so.
We find that Burns was engaged, at the time of the injury to plaintiffs' decedent, in the normal course and scope of his employment for purposes of LSA-R.S. 23:1032, supra, based on the undisputed facts giving rise to this action.
We note the case of Manuel v. Liberty Mutual Insurance Company, 236 So.2d 807 (La.1970), where the Supreme Court had occasion to apply an exclusion provision found in an insurance policy which is similar to the civil immunity provision of LSA-R.S. 23:1032, supra. That provision read:

"The insurance with respect to any person or organization other than the named insured does not apply:
"* * *
"(c) to any employee with respect to injury * * * of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer." (Italics ours)"
The facts in Manuel, supra, were similar to the facts in the case before us. There, two employees went to Lafayette, Louisiana, in a car furnished by their employer. They were returning to Opelousas, Louisiana, after having completed their mission for their employer in Lafayette when the accident occurred. The plaintiff attempted to bring a tort action against the insurer of his employer based on the alleged negligence of his co-employee who was driving the vehicle. There, plaintiff attempted to make a distinction much like the one plaintiffs in the case before us are trying to make. However, the court, in Manuel, supra, rejected plaintiff's argument and stated, on page 811, that:

*547 "Our research of the matter, however, reveals that there are some cases which do hold that in tort actions, where the issue is whether an alleged tort feasor is in the course of his employment, the same considerations are not given to holdings involving the same issue in compensation suits, because a stricter rule applies in tort actions. But those decisions were rendered in suits by third parties against the employer of the tort feasor, and recovery depended on the application of the doctrine of respondeat superior. Even so, there are cases in the jurisprudence to the contrary."
The Supreme Court went on to hold that, "inasmuch as the plaintiff herein would clearly have been entitled to receive compensation benefits, that is his only remedy...".
See also Jagneaux v. American Automobile Insurance Company, supra; Myers v. Fidelity & Casualty Company of New York, 152 So.2d 96 (La.App. 3 Cir. 1963), writ denied, 244 La. 629, 153 So.2d 775 (1963).
We find that there is no genuine issue as to material fact and that Burns is entitled to judgment as a matter of law.[6]

SUMMARY JUDGMENT IN FAVOR OF COMMERCIAL
Commercial issued a policy of insurance to J. W. McDonald which covered the pickup truck involved in the accident here. That policy contained the following exclusion:

"Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to worker's compensation benefits...."
We have already determined that plaintiffs' decedent was injured in an accident arising out of and in the course of his employment. However, plaintiffs argue that the above exclusion is inapplicable because decedent was injured by a co-employee. We fail to see any basis for plaintiffs' argument.
The trial court, in addition, held that under the Workmen's Compensation Act an employee whose fault causes damage to a co-employee is not required to repair the damages. Therefore, the injured co-employee has no cause of action under LSA-C. C. Article 2315 for injuries sustained when both are acting in the course and scope of their employment due to the other employee's fault.
The trial court then held that Commercial's liability is predicated upon the liability and tort of McDonald, the employer, or Burns, the co-employee. Therefore, plaintiffs cannot assert a cause of action in tort against Commercial because LSA-R.S. 23:1032 eliminates that cause of action against McDonald or Burns.
The trial court, in so holding, extended the rationale of Cripe v. Haynes, 350 So.2d 956 (La.App. 2 Cir. 1977), where the court stated, at page 960:
"LSA-C.C. Art. 2315 creates the substantive liability of those whose fault causes damage to another and a substantive cause of action in favor of persons injured by the fault of another to be compensated for their damages.
The Workmen's Compensation Act provides a substantive exception to the rule *548 of Article 2315. An employer whose fault causes damage to an employee is not required to repair the damages. The employee has no cause of action under Article 2315 against the employer for damages for injury sustained in the course and scope of his employment due to the employer's fault. LSA-R.S. 23:1032; Dandridge v. Fidelity & Casualty Co., 192 So. 887 (La.App.2d Cir. 1939); Shumake v. Home Indemnity Co., 68 So.2d 789 (La.App.2d Cir. 1953). The Workmen's Compensation Act creates an entirely different, distinct, and separate cause of action in favor of an employee against an employer for specific statutory benefits, regardless of fault on the part of the employer."
We hold that the trial court properly sustained Commercial's motion for summary judgment. For the above and foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against plaintiffs-appellants.
AFFIRMED.
NOTES
[1] Plaintiffs also named the Missouri-Pacific Railroad Company, the Texas & Pacific Railroad Company, and their employees, Charles R. Bailey and Terry Basco as defendants. In addition, the State of Louisiana, through the Dept. of Transportation & Development was also named as a defendant. The presence of these defendants is of no consequence on this appeal. However, we do note that on December 20, 1979, the trial court rendered a judgment of partial dismissal as to the State of Louisiana, through the Dept. of Transportation & Development.
[2] Babineaux v. Lavergne, 321 So.2d 401 (La. App. 3 Cir. 1975) and Miller v. Keating, 339 So.2d 40 (La.App. 3 Cir. 1976), writ issued 341 So.2d 901 (La.1977), amended and affirmed, 349 So.2d 265 (La.1977), both concerned situations involving the employer-employee relationship and the vicarious liability of the employer for torts committed by the employee while acting within the course and scope of his employment.

Williams v. Sewerage & Water Board of New Orleans, 90 So.2d 582 (La.App.Orl. 1956) involved an action brought by plaintiff for workmen's compensation benefits when he injured himself.
Ivory v. Philpot Const. Co., 145 So. 784 (La. App. 2 Cir. 1933) involves an action brought by plaintiff for workmen's compensation benefits when he was injured by an unknown third party.
[3] "§ 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws

The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
The immunity from civil liability provided by this Section shall not extend to: 1) any officer, director, stockholder, partner or employee of such employer or principal who is not engaged at the time of the injury in the normal course and scope of his employment; and 2) to the liability of any partner in a partnership which has been formed for the purpose of evading any of the provisions of this Section.
Amended by Acts 1976, No. 147, § 1."
[4] There are a large number of cases from the jurisprudence cited in this section of the Treatise.
[5] LSA-R.S. 23:1031 provides, in pertinent part:

"§ 1031. Employees' right of action; joint employers, extent of liability
If an employee not otherwise eliminated from the benefits of this Chapter, receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated."
[6] "Art. 966. Motion for summary judgment; procedure

The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff's motion may be made at any time after the answer has been filed. The defendant's motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1."