STOKER, Judge.
We granted a writ of certiorari in this case to consider whether the trial court properly denied a motion for summary judgment to Shelter Mutual Insurance Company. The latter is a defendant in a tort suit brought by Dalton Dauzat.
Plaintiff Dauzat was injured in an automobile accident in a vehicle driven by Rita D. Cole. Dauzat alleged that Shelter Mutual Insurance Company (Shelter) was the liability insurance carrier for drivers of the car driven by Rita D. Cole. Dauzat alleged that Rita was partially at fault in causing the accident. The basis of Shelter’s motion for summary judgment is the assertion by Shelter that Rita D. Cole was a co-employer or at least a co-employee of Dauzat. Therefore, since Dauzat’s exclusive remedy against Rita would be under the worker’s compensation law, Dauzat would have no action against her alleged automobile liability insurer.
TRIAL COURT RULING
Without giving specific reasons, the trial court denied Shelter’s motion for summary judgment by which it sought to be dismissed from the suit. Shelter then applied to this Court for writs.
The motion for summary judgment is based solely on depositions given by Rita D. Cole and her husband, Kenneth Cole. Plaintiff has filed no counter affidavits, depositions or other opposition documents. Plaintiff filed no opposition brief with this Court, although liberal time was accorded for the filing of briefs. Accordingly, there is no dispute as to the facts on which Shelter’s motion is based.
FACTS
The depositions of Rita D. Cole and Kenneth Cole reveal the following facts. The Coles are in the logging business. At the time of plaintiff’s injury in the accident he was the driver of one of two trucks owned and operated by the Coles in their logging operation. Mrs. Cole participated in the business operation fully, with the exception of doing actual field work and heavy manual labor. The couple operated the business out of their personal banking account, and Rita handled all of the financial affairs of the business. She paid the bills and wrote most of the checks including the paychecks of employees such as plaintiff Dauzat. She purchased supplies and parts and delivered them to the parties working in the field and generally performed almost all of the business chores of the operation. Nevertheless, she made frequent trips to *922 the field sites to transport workers and supplies there.
On the occasion in question plaintiff Dau-zat had a flat tire on one of the Coles’ trucks, and he called Rita for assistance. Rita bought a tire and took it to Dauzat in the vehicle allegedly insured by Shelter. As no jack was available for changing the tire, Rita and plaintiff proceeded in the allegedly insured vehicle to the woods location of Kenneth Cole for the purpose of obtaining a jack. On the way, while Rita was driving, the accident occurred. In this personal injury suit plaintiff named Shelter as a defendant as the liability insurer of Rita.
TRIAL COURT ACTION
Although the trial court did not assign reasons for its denial of the motion for summary judgment, the record contains a transcript of his oral denial following which the court and counsel engaged in some academic discussion of the matter. We glean from this discussion that the court found no material issues of disputed facts but was troubled as to the legal effect of the undisputed facts. The trial court’s comments indicate that it thought that the situation presented might be similar to that in which a plaintiff husband or wife may sue an automobile insurer under the Louisiana Direct Action Statute although they could not sue one another personally. Consequently, the issues in this case are purely legal rather than factual. The trial court stated this in so many words.
ISSUES
If Rita D. Cole was plaintiff’s employer or co-employer, he clearly would have no action against either Rita or her liability insurer. His sole and exclusive remedy would be under the Louisiana Worker’s Compensation Law, LSA-R.S. 28:1032.
In our opinion the undisputed facts disclose that plaintiff was employed by a community enterprise operated by Rita D. Cole and Kenneth Cole, husband and wife. Moreover, Rita was an active participant in the business. Clearly, Dauzat was the employee of Rita as well as that of her husband. In any event, Rita and plaintiff would have been co-employees. Under the circumstances we regard plaintiff’s remedy against Rita to be exclusively in worker’s compensation.
Despite the fact that plaintiff could not sue Rita D. Cole, could he sue her liability insurer, Shelter, under the Louisiana Direct Action Statute? (This is the point which appeared to trouble the trial court.) We think the point is clear. In Carlisle v. State, Dept. of Transp. Dev., 400 So.2d 284 (La.App. 3d Cir.1981), we said that “the defense of tort immunity under the compensation statute is not personal to the immune party but can be invoked by his insurer sued under the direct action statute.” See also Kelly v. M and M Dodge, Inc., 370 So.2d 1267 (La.App. 3d Cir.1979), writ denied, 374 So.2d 660 (1979); Fox v. Commercial Union Ins. Co., 396 So.2d 543 (La.App. 3d Cir.1981) and Brand v. Dixie Mach. Welding & Metal Works, 423 So.2d 1243 (La.App. 5th Cir.1982).
As Dauzat was within the course and scope of his employment when he was injured, he could not sue Rita’s liability insurer, Shelter. The latter’s motion for summary judgment should have been granted.
For the reasons given above the judgment of the trial court is reversed. It is therefore now ordered, adjudged and decreed that the motion for summary judgment filed herein by Shelter Mutual Insurance Company, a defendant in this case, be and it is hereby granted, and plaintiff’s action against Shelter Mutual Insurance Company is dismissed at plaintiff’s costs, both at the trial level and in this Court.
REVERSED AND CASE DISMISSED.